C. A. AUSTIN, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed February 26, 1931.

*Ion L. Farris*, for Plaintiff in Error;

*Fred H. Davis*, Atty. Gen., and *Roy Campbell*, Asst., for Defendant in Error.

BUFORD, J.—The plaintiff in error was convicted of manslaughter for the alleged wrongful death of a child.

The information charged in effect that the death of the

child was caused by the negligent act of the accused in leaving a truck and trailer loaded with logs on the public highway in the night time without lights and that by reason of the truck and trailer being so left on the road in the night time without lights, an automobile driven by another person and in which the child was riding as a passenger ran into the rear end of the trailer and load of logs, resulting in the death of the child.

Section 1021 R.G.S., 1294 C.G.L., provides, amongst other things, as follows:

"Every motor vehicle *********** shall, during the period from one-half hour after sunset to one-half hour before sunrise display at least two lighted lamps on the front and one on the rear of such vehicle."

Section 1319 C.G.L. provides as follows:

"All motor vehicles shall be provided with lights in front and light in the rear. The front or driving lights shall be of the tilting variety or some other device which will kill the glare of the driving lights.

Section 1320 C.G.L. provides as follows:

"It shall be unlawful to stop any motor vehicle on the public roads, for either convenience or repair, but in all cases where possible to do shall turn off the road to the right and the left wheel nearest the center of the paving shall not be more than one foot on the side of the paving. All vehicles shall drive on the right side of the road except when passing a slower vehicle."

Section 7793 C.G.L. provides as follows:

"Any person convicted of the violation of any of the provisions of sections 1318-1323, relating to reckless driving, speed, motor lights, stopping on roads, etc., shall be guilty of a misdemeaner and upon conviction shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than

ninety days, or both such fine and imprisonment.''

The above appear to be the statutory provisions which would have bearing on this case. One of the questions before us for determination is whether or not under the evidence the accused is guilty of such negligence as would cause him to be criminally responsible for the death of the child.

The undisputed evidence is that Austin, a young white man of good character and moral habits, was engaged in the lawful business of hauling logs from outside the City of Jacksonville to a mill in the City of Jacksonville; that on the afternoon of the fatal accident while he was proceeding toward the mill with a load of logs on his truck and trailer he had a tire blow out on his truck. He pulled off of the highway as far as he could get out of it at that place without going into the ditch. This left his motor vehicle in the road far enough to violate section 1320, supra, and to cause him to be amenable to prosecution under section 7793, supra. We do not think that he should have been required to drive his motor vehicle into the ditch because of the misfortune that overtook him at a place where the road had not been built wide enough for the driver of a vehicle to comply with section 1320, supra, without going into the ditch.

The tire blow-out occurred early in the afternoon. The accused immediately went to a place some distance away where he procured another tire and tube, brought it back and put it on the truck before night. When he returned to the truck he found another tire down, which it was necessary for him to pump up. During the afternoon there had been a very heavy rain. The truck was provided with automatic electric lights, both front and rear, as required by law. The fatal accident occurred

sometime after sun-down and there is conflict in the evidence whether it was before or after dark. When the accused had his tires in condition to proceed with his load he found that his motor had been drowned out by the heavy rain which had occurred in the afternoon while the truck was standing at the place of the accident and for this reason he could not turn on his lights nor start his motor. He immediately began to work on the motor to dry out the coils so as to proceed with his load. While he was present working on the motor doing everything, so far as the evidence shows, that he knew how to do or could do, to cause the motor to run and thereby get power with which to propel the truck and burn the lights, the automobile in which the child was a passenger approached from the rear, ran into the trailer and logs and killed the child.

The Supreme Court of Alabama, in Fitzgerald vs. State, 112 Ala. 34, said:

"A homicide which results from the doing of an act which is not unlawful in itself, is not criminal, unless there existed a criminal intent; or if such act resulting in the homicide was done carelessly or negligently, to constitute criminality there must have been that aggravated carelessness or negligence which is denominated 'gross' and which is such a departure from what would have been the conduct of an ordinarily careful and prudent man under the same circumstances as implies an indifference to consequences and takes the place of a criminal intent; but if the killing was the result of carelessness of such low degree or trivial character as to have been purely an accident, there is no criminality in the homicide, and the person inflicting the fatal blow is not criminally responsible."

See also White vs. State, 84 Ala. 421; Hampton vs. State, 45 Ala. 83.

In State vs. Emery, 78 Mo. 77, the Court quotes with approval from Shearman & Redfield on Negligence, #7, as follows:

"Culpable negligence is the omission to do something which a reasonable, prudent and honest man would do or the doing which such a man would not do under all the circumstances surrounding each particular case."

See also State vs. Coulter, 204 S.W. 5.

It appears to us that the accused left undone nothing that a reasonably prudent and cautious man would have done under the circumstances. He was at the time the accident occurred doing everything that he could to produce light and power with which to run the truck. The undisputed evidence is that he had succeeded in getting some response from the motor and it evidently appeared that it was about to function as it should when the accident occurred.

Whether or not the driver of the automobile in which the child was a passenger was guilty of negligence is immaterial in this case. 29 C.J. 1155 and cases there cited. If the accused had been guilty of that degree of negligence which would cause him to be criminally liable for the death of the child, the fact that another party was also guilty of criminal negligence in connection with the unfortunate occurrence would not relieve the accused from such criminal liability. However, we do not think that criminal liability attaches where circumstances and conditions beyond the control of the accused caused him against his will to be in position and under the conditions which resulted in the unfortunate death of the child.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.