C. C. WILSON v. ANNIE MARY KING, *et vir*.

156 So. 694.

Division B.

Opinion Filed October 3, 1934.

*Carver & Langston,* for Plaintiff in Error;
*Johnson, Bosarge & Allen,* for Defendant in Error.

PER CURIAM.—In this case defendants in error recovered a judgment against plaintiff in error in the court below for damages received by the plaintiffs when an automobile driven by the defendant came into collision with an automobile in which the defendants in error were then sitting.

The facts disclosed by the record are that plaintiffs, King and wife, were driving in a westerly direction over the Lakeland and Auburndale road when they observed heavy smoke covering the highway ahead and King, who was driving the automobile, slowed down and as he came into the smoke brought his car to a stop. Just as he had stopped his car the defendant, Wilson, approaching from the opposite direction in another automobile which he was driving swerved that car to the left and caused it to come into collision with the automobile in which King and his wife were sitting. Wilson testified that he observed the smoke ahead but thought he could drive through it, as he had driven through other smokes, although he had been blinded by such other smokes. He further testified that when he got into the heavy smoke he turned his car to the left because the fire was burning on the right-hand side of the road and he feared getting close to it on account of his gas tank.

We think the jury were justified in finding against defendant's contention that the Kings were guilty of contributory negligence, because the Kings had done exactly

what Wilson should have done when he observed the dense smoke over the road. They had brought their car to full stop, King said, with the intention of backing it away from the smoke, when they were immediately struck by the automobile driven by Wilson, although he had swerved his car from that part of the road on which he was by law required to drive it and from which he had no legal right to depart, unless he could see ahead and ascertain what obstruction, if any, was on that part of the road which was designed to be traveled by those persons going in the direction opposite to that in which he was traveling.

It is the contention of the plaintiff in error that King was guilty of contributory negligence because he did not comply with the statute in driving his car off the road to that extent which is required by statute when coming to a stop. This conduct on the part of King might be deemed *prima facie* evidence of negligence, and in some cases would constitute such negligence as would preclude recovery. However, the cause of King's stopping was not that which is prescribed by statute. The statute provides that a car must be so driven off the highway when it is stopped for convenience or repair. King did not stop for convenience or repair of the car. He stopped because an obstruction appeared in the road which caution demanded that he should not attempt to pass through. He stopped well on his side of the highway and if Wilson had remained on his side of the highway no injury would have occurred. Or, if Wilson had not attempted to pass through an obstruction through which he could not see, the injury would not have occurred.

The judgment was for $4,000 in favor of Mr. King and $14,000 in favor of Mrs. King. Under all the facts shown

by the record, we cannot say that these judgments were excessive. They should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS, and TERRELL, J. J., concur in the opinion and judgment.