L. P. Allen v. J. W. Hooper.

171 So. 513.
Division B.
Opinion Filed December 10, 1936.
Rehearing Denied January 7, 1937.

*George P. Garrett,* for Plaintiff in Error;

*Horrell & Horrell* and *Crofton & Wilson,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff for damage resulting from injuries to a truck, the property of plaintiff, occasioned by the negligent act of the defendant's driver of another truck.

Plaintiff in error has presented twenty-four (24) questions covering thirteen (13) pages. The first question challenges the action of the court in denying defendant's motion for a directed verdict at the conclusion of the plaintiff's case upon the hypothesis that the defendant proved that the plaintiff, through his agent and servant, was guilty of contributory negligence. The defendant had pleaded contributory negligence. The plaintiff in error contends that because the truck belonging to the defendant in error, plaintiff in the lower court, was parked so as to cover more of the pavement of the roadway than is permissible under Section 3 of Chapter 10186, Acts of 1925, being Section 1320 C. G. L., and because plaintiff's truck was not displaying lights as

required by Section 1021 R. G. S., 1294 C. G. L., that the plaintiff was as a matter of law guilty of contributory negligence. The failure to comply with these provisions is not necessarily negligence. A violation of either of these provisions may be entirely justified by the circumstances which surround a party at the time of the violation. See Wilson v. King, *et al.,* 116 Fla. 752, 156 Sou. 694; Austin v. State, 101 Fla. 990, 132 Sou. 491.

In the case at bar the record shows that plaintiff's truck was being driven northward south of St. Augustine, Florida, loaded with citrus fruit. It was a truck equipped with dual wheels on the rear, there being two wheels on each end of the rear axle. As the truck was crossing a bridge one tire on the right rear blew out and before the driver could get away from the bridge the other tire on the right rear blew out. The record indicates that he was then on the fill which constituted an approach to the bridge. He drove off the pavement as far as he could drive and stopped to repair the tires. The right wheels of the truck were out on the shoulders of the road as far as he could safely go. The left wheels were on the highway. His truck was equipped with all lights required and in addition thereto with what is known as clearance lights. This is a system of small lights of different colors which show the outline of the cab or body of the truck, or automobile, and are used very generally for the purpose of indicating to passing vehicles the true outline of the truck, which might not be observed by the use of ordinary lights. A number of people passed the truck while it was parked and amongst those who passed was the driver of another truck who requested the driver of plaintiff's truck to turn off his headlights because, although he had turned them dim, the truck was set at such an angle because of the sloping grade of the

road, that they blinded approaching drivers. The bright lights were turned off, but the clearance lights remained on and anyone using ordinary care could have seen them. Defendant's truck approached while another truck belonging to the defendant was just moving away from beside the truck which was parked on the shoulder of the road. These two trucks practically blocked the road, but the approaching truck was being driven at a high rate of speed and when the driver thereof observed that there were two trucks practically blocking the road he could not control and stop the truck which he was driving before it ran into and injured plaintiff's truck.

The jury, under proper instructions, returned a verdict in favor of the plaintiff and if the jury observed the instructions given by the trial court it thereby determined that the plaintiff through his servant and agent, the driver of his truck, was not guilty of contributory negligence. The evidence in the record warrants that conclusion.

The second question challenges the measure of damages applied and contends that the plaintiff was not entitled to recover the use value of his truck while it remained in the garage awaiting the arrival of parts for the repair thereof. We do not think the contention is tenable, it not being shown that plaintiff was responsible for the delay.

The third question challenges the action of the trial court in declining to allow the defendant to wait until after the plaintiff had put in his evidence to make an opening statement to the jury. Whether or not counsel is allowed to make an opening statement to the jury after plaintiff's evidence has been receeived, is a matter within the discretion of the trial court and there was no abuse of discretion in this regard.

The fourth question challenges the action of the trial

court in sustaining the objection of plaintiff to a question on recross examination addressed to the plaintiff by counsel for the defendant. The question was:

"Q. How many of these items have you been reimbursed for?"

Then the record shows:

"To which question the plaintiff objected as follows:

"Mr. Crofton: There is no evidence whatsoever that he has been paid for any item, but evidence and testimony that he has paid these items and now suing for them. Further, it is not in cross of anything brought out on direct examination. After discussion between the Court and counsel for the defendant, the Court sustained plaintiff's objections as follows:

"The Court: The Court sustains the objection for the reason that it does not appear to the Court that the matter is involved that is indicated by the proffer, and if involved in anywise the Court is further of the opinion that it cannot be developed by the main suit, that is, by cross-examination, and that it seems that the matter could be presented only by a plea."

No reversible error was made to appear in this regard.

The fifth question challenges the propriety of an instruction to the jury as follows:

"*Court's Instruction No.* 14: I further charge you that the violation of any Statute or the Statute law of this State is evidence of an act of negligence, and that if the jury believe that the plaintiff, by his servant, was violating either provision of the Statute referred to at the time of the accident and shall further believe that such negligence proximately contributed to the damages the plaintiff herein claims to have suffered, that it would be your duty to find for the defendant."

We can find no reversible error in this instruction. Such error as infected the instruction was favorable to the defendant.

The plaintiff in error has cited a number of cases from other jurisdictions which support his contention that with the proof of an act violating the motor vehicle law constitutes *per se* negligence, but we have not and do not agree with that view. The violation of traffic law is *prima facie* evidence of negligence, but that *prima facie* evidence may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. Therefore, when it is shown that the traffic law has been violated it is a question for the jury to determine from all the facts and circumstances whether or not the *prima facie* of negligence is overcome by other evidence of existing facts and circumstances. We think the jury was warranted in determining from all the facts and circumstances in this case that the plaintiff's driver had complied with the law as to driving off the highway to stop his truck as far as it was reasonably possible for him to comply with it; and also that while he had turned off the headlights and tail light on the truck, he had left other lights burning entirely adequate to attract the attention and to warn an approaching driver of the position and outline of the truck and had thereby provided, as far as it was possible for him to provide, for the safety of those who approached the truck from either direction.

The remaining questions presented embrace contentions based upon the refusal of the trial court to give certain requested charges. The correct principles of law involved in the requested charges were sufficiently covered by the instructions given the jury by the court and, although those instructions were not in the language suggested by the de-

fendant, we do not think that any injustice was worked against the defendant by reason of the refusal to give those charges and that the refusal did not constitute reversible error.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.