LUCILLE HERNANDEZ, a minor by her next friend, E. G. HERNANDEZ, v. PENSACOLA COACH CORPORATION

193 So. 555
Division B
Opinion Filed January 23, 1940
Rehearing Denied February 16, 1940

442

*Coe & McLane*, for Plaintiff in Error;

*Watson & Pasco & Brown*, for Defendant in Error.

PER CURIAM.—This case is here for review on writ of error to a final judgment on demurrer entered by the Circuit Court of Escambia County, Florida. On February 15, 1939, plaintiff below, plaintiff in error here, filed an amended declaration consisting of one count, viz.:

"The plaintiff, Lucille Hernandez, a minor, by her next friend, E. G. Hernandez, files this her amended declaration and sues the defendant, Pensacola Coach Corporation, a corporation, for that on the 17th day of December, A. D. 1938, the plaintiff was riding in a motor vehicle driven by C. W. Shofner, traveling toward Pensacola upon the road from the United States Naval Air Station to the said City in Escambia County, Florida, in the night-time, and the defendant being then and there engaged in the transportation of passengers for hire was operating a certain bus or

coach along said road toward the said city, and the defendant then and there negligently and carelessly caused its said coach or bus to be stopped for convenience to wait for and receive passengers from a nearby roadside place of entertainment in the night-time upon said highway without turning off the road to the right so that the left wheel nearest the center of the pavement should not be more than one foot on the side of the pavement, which it was then and there possible to do, and by reason thereof a large portion of the right side of the highway in the direction in which said bus was headed was obstructed, and there was then and there a thick fog prevailing which greatly obscured vision so that the said bus could not be seen by the operator of an approaching vehicle until the same was in dangerously close proximity thereto, and by reason of the defendant's negligence aforesaid the operator of the car in which the plaintiff was riding which was headed in the same direction as said bus did not see said bus until too close to avoid collision therewith and said car then and there collided with the rear of the said bus or coach while it was so stopped or just as it was beginning to get in motion and plaintiff suffered divers and sundry wounds and injuries, her skull was fractured and she suffers, has suffered and will hereafter suffer great mental and physical pain and is permanently disabled, for all of which she sues and claims Ten Thousand & no/100 ($10,000.00) Dollars damages."

The defendant below elected to let the demurrer filed to the original declaration stand over to the declaration as amended. The demurrer contained some 14 grounds, but the essential grounds are, viz.:

"(1)   Said declaration is vague, indefinite and uncertain.

"(2)   Said declaration states no actionable negligence on the part of this defendant.

"(3) It appears from said declaration that the alleged negligence of this defendant was not the proximate cause of the injury suffered by the plaintiff.

"(5) It appears from the allegations of the declaration that the only inference to be drawn therefrom is that the real proximate cause of the accident resulting in the injuries to the plaintiff complained of was the negligence and carelessness of the driver of the automobile in which the plaintiff was riding.

"(6) That it was the duty of the driver of the automobile in which the plaintiff was riding to have his said automobile under control and to keep a proper lookout ahead for other vehicles on the highway ahead of him, and to slow down his speed, and had he done so it is the natural inference from the allegations of said declaration that the accident alleged would not have occurred.

"(8) From the facts alleged in the declaration it is apparent the injuries suffered by the plaintiff were not caused by the negligence of this defendant, and the declaration alleges no facts which if true, would render this defendant liable to the plaintiff.

"(9) Said declaration does not definitely allege that the automobile bus of this defendant was parked on said highway.

"(13) So far as it appears from said declaration the bus of this defendant standing on the highway could be as readily observed by the driver of the automobile in which the plaintiff was riding, as it could have been seen if said bus had been in slow motion on the highway."

It is well settled that a demurrer challenges the legal sufficiency of a pleading, and admits as true the well pleaded allegations of fact. See Heathcote v. Fairbanks, Morse

& Co., 60 Fla. 97, 53 So. 950. The sufficiency of the declaration should be construed most strongly against the plaintiff when the demurrer is considered. See State *ex rel.* Dillman v. Tedder, 123 Fla. 188, 166 So. 590.

One of the allegations of the amended declaration, *supra,* is viz.: "and the defendant then and there negligently and carelessly caused its coach or bus to be stopped for convenience to wait for and receive passengers from a nearby roadside place of entertainment in the night-time upon said highway without turning off the road to the right so that the left wheel nearest the center of the pavement should not be more than one foot on the side of the pavement, which it was then and there possible to do."

Section 1320 C. G. L. provides that it shall be unlawful to stop any motor vehicle on the public roads, for convenience or repair, but in all cases where possible to do so shall turn off the road to the right and the left wheel nearest the center of the pavement shall not be more than one foot on the side of the pavement. It is the contention of counsel for defendant in error that Section 1320 C. G. L. is inapplicable to a bus or coach engaged in serving the public generally by stopping on the highway to receive or discharge passengers and that no cause of action is alleged by the amended declaration; also that the statute, *supra,* should be given a reasonable construction like those of the Michigan and Minnesota statutes reported in the cases of McAvon v. Brightmoor Transit Co., 245 Mich. 44, 222 N. W. 126, and Geisen v Luce, 185 Minn. 479, 242 N. W. 8.

Section 1320 C. G. L. has been construed by this Court in a number of cases. See: Austin v. State, 101 Fla. 990, 132 So. 491; Wilson v. King, 116 Fla. 752, 156 So. 694; Walker v. Smith, 119 Fla. 430, 161 So. 551; Allen v. Hooper, 126 Fla. 458, 171 So. 513 and other cases. The

statute makes it unlawful to park a bus or coach on the highway, but all parking is not unlawful. Whether or not a parking is in violation of Section 1320 must be determined by the facts of each particular case. In the case at bar the declaration alleges that the car or coach was parked for convenience without turning off the road to the right so that the left wheel nearest the center of the pavement should not be more than one foot on the side of the pavement, *which it was then and there possible to do.* The demurrer admits as true this well pleaded allegation of fact.

The plaintiff, a minor, was riding in a motor vehicle driven by C. W. Shofner, traveling the highway from the Naval Air Station to Pensacola, in the night-time, when a heavy fog prevailed which greatly obscured vision so that the bus or coach could not be seen by Shofner, and the car in which plaintiff was riding collided with the rear of the bus or coach and the plaintiff's skull was fractured, and likewise she suffered great mental and physical pain and was permanently disabled.

It is here contended by counsel for plaintiff in error that the negligence of the bus or coach driver and the negligence of the driver of the car in which plaintiff was riding when injured, or the negligence of both concurring in point of time and place, was the proximate cause of the injury to the plaintiff. It is contended by counsel for defendant in error that regardless of the stopping of the bus or coach on the highway contrary to or in violation of the statute, *supra,* the plaintiff below would not have been injured but for the negligence of the driver of the car in which plaintiff was riding, as it was being driven at an excessive rate of speed and not within his control, which prevented the stopping of the car within the range of the vision of his lights, and that the negligence of the driver was the proximate cause of the injury.

The contentions of counsel for plaintiff in error as to the proximate cause of the alleged injury has been passed upon by this Court. It is a general principle of negligence, where an injury results from two separate and distinct acts of negligence committed by different persons operating concurrently, that both are regarded as the proximate cause and that recovery can be had against either or both.

The case of Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716, was a personal injury suit on the part of the wife, Gertrude M. Watson, for injuries sustained when the automobile in which she was riding—driven by her husband—was struck by the locomotive of the railroad company at a crossing near the union station in the City of Tallahassee. The evidence tended to show that the place of collision was a public street near the passenger station of the defendant and the public traffic at the point was heavy. It was contended that the negligence of the driver of the automobile in which plaintiff was injured when driving was the proximate cause of the injury. Likewise, the plaintiff contended that the proximate cause of the injury was the negligent operation of the locomotive over the street when the accident occurred. This Court held that the rule was established that where an injury is the product of the combined negligence of two or more persons, such persons are jointly and severally liable to the person injured and suit may be instituted against one or both of the wrongdoers. See Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425; Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 So. 732, 20 L. R. S. (N. S.) 92; Louisville & N. R. Co. v. Allen, 67 Fla. 257, 65 So. LRA 1915C 20.

The rule, *supra,* is well expressed by Blashfield's Cyclopedia of Automobile Law & Practice, Vol. 4, par. 2573, pages 374-376, viz.:

"2573. Concurrent Negligence of Driver and Third Person. The general principle of negligence that where injury results from two separate and distinct acts of negligence by different persons operating and concurring simultaneously and concurrently, both are regarded as the proximate cause, and recovery may be had against either or both the responsible persons is applicable in actions for injuries to guests or occupants of automobiles, and frequently is applied thereto.

"Consequently, if the driver of a car in which a person is riding is guilty of negligence which jointly with the negligence of the driver of another colliding machine is the proximate cause of an injury, an action will be against both the drivers.

"The fact that the negligence of the driver of the car in which the guest is riding is a concurring cause and directly contributes to the collision will not preclude the guest's recovery from the owner of the other car, as a person cannot be relieved from the consequences of his own negligence on the ground that the concurring negligence of another contributed with his negligence to cause the injury.

"If, however, the driver's negligence is the sole proximate cause of the guest's injuries, such negligence will defeat a recovery against the third person."

In the case of Seaboard Air Line R. Co. v. Watson, *supra,* this Court applied the well established rule expressed by Par. 2574, of the same work, viz.:

"2574.—Railroad and Street Railroad Accidents. The rule stated in the preceding section has frequently been applied in the case of railroad accidents to guests or passengers in automobiles injured in collisions with cars or trains, or through defects in crossings, by the concurring negligence of the automobile driver and of the railroad;

and although injury to a passenger in an automobile in a collision at a street intersection between the machine in which he is riding and the street car is proximately caused by the negligence of the automobile driver in failing to yield the right of way to the motorman, as required by ordinance, yet this fact will not relieve the street railroad from liability, if the motorman's negligence prevented the truck driver from yielding.

"However, if the negligence of the driver of an automobile or motor vehicle in which one is riding as a passenger is the sole proximate cause of a crossing collision, in which the passenger is injured, while such negligence cannot be imputed to the passenger, it will, nevertheless, defeat his recovery against the third person for such injury."

See Berry on Automobiles (6th Ed.) Vol. 1, par. 298, pages 212-13; 45 C. J. par. 485, pages 920-23; 5 Am. Jur. par. 345, pages 687-8; 22 R. C. L. par. 15, pages 128-131; Capital Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881; Fontaine v. Charas, 87 N. H. 424, 181 Atl. 417; McDonald v. Robinson, 207 Iowa 1293, 224 N. W. 820, 62 A. L. R. 1419, and annotations at pages 1425, *et seq.*

We hold that the amended declaration states a cause of action and the lower court erred in sustaining a demurrer thereto. The judgment appealed from is hereby reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.