## HANNAH v. GULF POWER CO.

### No. 10232.

Circuit Court of Appeals, Fifth Circuit.

June 16, 1942.

John M. Coe, of Pensacola, Fla., for appellant.

J. E. D. Yonge, of Pensacola, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages for the alleged wrongful death of appellant's husband, a lineman employed by the American Telephone & Telegraph Company. A motion in the court below to dismiss the com-

plaint was sustained, and final judgment was rendered for appellee. The sole question on this appeal is whether the complaint states a cause of action.

■ The wrong and injury were done in Florida, and the court below was sitting in that state; but, although the local substantive law governs, we are not bound by the Florida rule that pleadings are to be construed most strongly against the pleader.[1] This is the reverse of what was true before the Erie Railroad decision [2] was rendered and before the Conformity Act, 28 U.S.C.A. § 724, was superseded by the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c.[3]

■ Construing the complaint, as required by the New Rules, so as to do speedy and substantial justice,[4] we find that the death of appellant's husband was caused by the concurrent negligence of appellee and said telephone company. The former, according to the averments, negligently maintained a power line carrying 6900 volts of electricity, which was parallel to said telephone company's line on the opposite side of the highway. In order to give lateral stability to its line, the appellee ran a steel guy wire under the telephone wire to a stub pole west of the telephone pole.

■ It is alleged that appellee was negligent (a) in maintaining a highly charged conductor strung between the ends of cross-arms on its power pole as close as five inches from the guy wire when good practice required a clearance of six inches; (b) in permitting the cross-arms to which the vertical conductor was attached to be loose and insufficiently fastened to the pole; (c) in failing to insulate the guy wire; and (d) in failing to ground the guy wire. Death is alleged to have resulted when fellow servants of the deceased negligently dragged a new telephone wire over said guy wire causing the latter to swing and vibrate. There being insufficient clearance between the guy wire and the conductor, and the guy wire being un-grounded and uninsulated, it is alleged that the conductor and the guy wire came together; that the current passed into the guy wire, then into the telephone wire, and killed said lineman, who was working at a distance of about a mile. Finally, it is alleged that the death of deceased was the proximate result of the joint and concurrent negligence of his fellow servants and the appellee.

The appellee claims that its negligence was not a proximate contributing cause of the injury, because it says that the negligence of the telephone company's employees, in dragging the telephone wire over the guy wire, was the independent intervening efficient cause that produced it.

We think the allegations of the complaint show a causal connection between the negligence of the appellee and the death of appellant's husband. They show that the negligence of fellow servants of the deceased was a concurrent proximate contributing cause, not an independent intervening efficient cause. It is not necessary that the appellee should have foreseen the particular harm that resulted in the instant case, but only that an ordinarily prudent person should have foreseen that some harm probably would come to someone from the negligence averred. It is not merely appellee's prior negligence in creating a dangerous condition that is complained of, but its active maintenance of the highly charged conductor. It was the continuous act of sending the deadly volts of electricity through the defective apparatus that constituted active negligence in the circumstances. In Hernandez v. Pensacola Coach Corporation, 141 Fla. 441, 193 So. 555, 558, the Supreme Court of Florida said: "It is a general principle of negligence, where an injury results from two separate and distinct acts of negligence committed by different persons operating concurrently, that both are regarded as the proximate cause and that recovery can be had against either or both." [5]

[1] Hernandez v. Pensacola Coach Corporation, 141 Fla. 441, 193 So. 555.

[2] Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

[3] Sibbach v. Wilson & Co., 312 U.S. 1, 655, 61 S.Ct. 422, 85 L.Ed. 479.

[4] Rule 1 of Federal Rules of Civil Procedure.

[5] See, also, Derosier v. New England Tel. & Tel. Co., 81 N.H. 451, 130 A. 145; San Antonio Gas & Electric Co. v. Speegle, Tex.Civ.App., 60 S.W. 884; Ratliff v. Mexico Power Co., Mo.App., 203 S.W. 232; Richmond Light, Heat & Power Co. v. Rau, 184 Ind. 117, 110 N.E. 666, 667; Smith v. St. Joseph, etc., Co., 310 Mo. 469, 276 S.W. 607; 29 Corpus Juris Secundum, Electricity, § 51; Restatement of Law of Torts, Sec. 435, 439, 449.

The motion to dismiss the complaint should have been overruled. The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.