SMITH, CULVER, Associate Judge.
These are consolidated appeals from Final Judgments entered pursuant to a jury verdict for the Plaintiff, in a negligence action for damages. Defendant appealed and Plaintiff has cross appealed from the lower Court’s order striking from his Complaint a claim for punitive damages. The parties will be referred to as they stood in the lower Court.
The case arose out of an automobile accident which occurred on July 20, 1958, at the intersection of Webber Street and South Tamiami Trail in the City of Sarasota. Plaintiff was traveling in a westerly direction on Webber Street, and Defendant was proceeding in a northerly direction on South Tamiami Trail. The intersection was controlled by a traffic light. It was charged that the Defendant ran through this light *487 when it was red for traffic on South Tam-iami Trail. The nearest traffic light on Tamiami Trail south of this intersection was 2,000 feet away, and there was a second traffic light 1,563 feet further south.
At the trial, over Defendant’s objection, the Court permitted the testimony of two witnesses, to the effect that Defendant ran the two red lights south of the intersection where the collision occurred. These two witnesses were also proceeding north on South Tamiami Trail and witnessed the accident, or at least were at the intersection immediately after it occurred. The Defendant’s first point relied upon in this appeal for reversal is the admission of the testimony of these two witnesses concerning Defendant’s running the two red lights prior to arriving at the intersection of Web-ber Street and South Tamiami Trail. Defendant contends that such evidence was too remote in time and place, was of little probative value, and could only confuse and prejudice the jury.
The general rule in such a situation is stated as follows in 13 Fla.Jur., Evidence, § 140, page 139:
“ * * * Proof of the existence of other acts or conduct on other occasions, which have a relevant and material bearing on a fact in issue are admissible in a proper case. The law permits proof of acts other than the one charged which are so related in character, time and place of commission, as to tend to support the conclusion that they were part of a plan or system or tend to show the existence thereof. * * * ”
In MacCurdy v. United States, D.C.1956, 143 F.Supp. 60, (affirmed in 5 Cir., 246 F.2d 67), testimony that an automobile involved in a collision, on a Florida highway, had passed automobiles driven by witnesses shortly before the collision, and was traveling at a speed considerably in excess of 60 miles per hour, was held entitled to be given weight by the Court.
In Melville v. State of Maryland, 4 Cir. 1946, 155 F.2d 440, testimony that on the night of the collision a witness saw, while passing the approaching truck of the Defendant, at a point about 300 yards from the scene of the accident, that he failed to dim his lights, and that he was hogging the road, and that his speed was in excess of 45 miles per hour, was held to be relevant and admissible.
In Jennings v. Arata, 1948, 83 Cal.App.2d 143, 188 P.2d 298, Plaintiff was allowed at the trial to introduce, over Defendant’s objection, testimony of the head of a State Highway maintenance crew. This evidence was to the effect that the witness and his crew were working on the road, about one-half mile from the scene of the accident, being separated therefrom by an intervening hill. The witness stated that the defendant, at the time he passed the highway crew, ignored a 25 mile an hour sign posted there and almost struck the workmen. The defendant contended that this evidence was so remote that its admission was error, and being error it must be deemed prejudicial. The California District Court of Appeal held it was not so remote as to render its admission an abuse of the trial Court’s discretion.
We believe that the testimony complained of, in the instant case, might tend to show a course of conduct relevant to the circumstances of the collision. Permitting testimony of such a course covering a distance travelled, of only some 3,563 feet, does not appear to be an abuse of the trial Court’s discretion, requiring a reversal. Plaintiff cites the case of Le Fevre v. Bear, decided by this Court and reported in 113 So.2d 390. It is our opinion that the facts therein do not apply to our decision here. In the Le Fevre case, evidence of indulgence in intoxicating beverages was injected at length, although the Complaint did not charge, nor the evidence show that such indulgence affected 'the driver’s conduct, or contributed to the accident. In the case *488 now before us, the questioned testimony involves running of red lights, a vital factor involved in the collision.
Defendant’s second point involves the trial Court’s denial of his motion for directed verdict, made at the close of Plaintiff’s evidence. Defendant contends that the question of contributory negligence should not have been submitted to the jury, but that the motion should have been granted, on the basis that Plaintiff’s evidence established contributory negligence as a matter of law. It is too well settled to require citations of authority that the general rule is that the question of contributory negligence is for the jury, when it arises on a state of facts, from which reasonable men might draw different conclusions, either as to the facts or the conclusions, or inference to be drawn therefrom. Defendant’s argument on this point in his contention that Plaintiff’s own testimony shows him to be guilty of the violation of a city traffic ordinance. Even if this is to be assumed it is not necessarily controlling. In Clark v. Sumner, Fla.1954, 72 So.2d 275, the Florida Supreme Court said:
“ * * * We reiterate and again approve the principle laid down in Allen v. Hooper, 126 Fla. 458, 171 So. 513, that the violation of a traffic law or regulation is prima facie evidence of negligence that may be overcome by other facts and circumstances in the cause in fixing ultimate liability.”
In Allen v. Hooper, 1937, 126 Fla. 458, 171 So. 513 our Supreme Court set forth the rule to be as follows:
“The plaintiff in error has cited a number of cases from other jurisdictions which support his contention that with the proof of an act violating the motor vehicle law constitutes per se negligence, but we have not and do not now agree with that view. The violation of traffic law is prima facie evidence of negligence, but that prima facie evidence may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. Therefore, when it is shown that the traffic law has been violated, it is a question for the jury to determine from all the facts and circumstances whether or not the prima facie of negligence is overcome by other evidence of existing facts and circumstances. * * * ”
Applying these two decisions to the facts of the case before us, we reach the conclusion that the question of Plaintiff’s contributory negligence was clearly one for the determination of the jury. Whether or not the prima facie evidence of negligence was overcome was for their determination. The Plaintiff, in his cross appeal, takes the position that the trial Court erred in granting Defendant’s motion to strike portions of the Plaintiff’s Amended Complaint, which set out facts to support Plaintiff’s prayer for punitive damage. The case of Carraway v. Revell, Fla.1959, 116 So.2d 16, defines the degrees of negligence and specifies that negligence sufficient to support recovery of punitive damages must be such as would support a charge of manslaughter. Under that ruling, it seems that the trial Court did not commit reversible error in the case at bar. There is another circumstance which has to be taken into account. In the Plaintiff’s brief, and at oral argument, counsel asked for af-firmance of the Judgment previously rendered for Plaintiff in the amount of $35,000.-00, but further requested that the action be remanded for a new trial, on the question of punitive damages only. In other words, he seeks an affirmance of the Final Judgment entered, but wishes an additional trial as to one specific element of damage. There is authority for granting a new trial on the question of damages only. We are of the opinion that we are without power to remand for a new trial, to be limited to one particular item of damage claimed originally. For this reason alone, if for no other, the cross appeal must fail.
*489 We find no reversible error in the proceedings below, and, therefore, the Judgment is hereby affirmed.
SHANNON, C. J., and ALLEN, J., concur.