431 So.2d 667 (1983)
Jose PEREZ and Agustina Perez, Appellants,
v.
NATIONAL PRESTO INDUSTRIES, INC., Appellee.
No. 82-1184.
District Court of Appeal of Florida, Third District.
May 3, 1983.
Rehearing Denied June 8, 1983.
*668 Bonnie Lano Rippingille, Coral Gables, Carlos C. Aguiar, for appellants.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
JORGENSON, Judge.
Jose and Agustina Perez, plaintiffs below, appeal from a final summary judgment in favor of National Presto Industries, Inc. [Presto], defendant below, in an action sounding in negligence and strict liability. The Perezes' suit arose from the explosion in 1977 of a Presto pressure cooker. As a result of the explosion Jose Perez sustained serious injury. The Perezes' complaint in essence alleged that Presto failed to warn users of the danger of the pressure cooker exploding when not properly maintained.
The pressure cooker involved (Model 606) was manufactured by Presto from 1949 to 1954. The Perezes were not the original purchasers of the pressure cooker and Jose Perez estimated that they had owned the pressure cooker for six to ten years. An expert obtained by the Perezes testified at deposition that the pressure cooker contained no metallurgical, design or manufacturing defects. The expert further testified that an old, hard and brittle overpressure safety plug had been the immediate cause of the explosion. According to the expert a new plug would have been soft and pliable, significantly different than the plug found on the Perezes' pressure cooker. Mr. Perez testified at deposition that he had operated three supermarkets between 1963 and 1977 that had hardware departments containing Presto pressure cookers and replacement parts. The supermarkets he operated carried replacement parts, Mr. Perez admitted, because he knew that the parts wore out and he wanted to have replacement parts available for his customers. There is nothing in the record to demonstrate that *669 any defect existed in the pressure cooker when it left the hands of Presto.[1]
Presto moved for summary judgment relying primarily on Savage v. Jacobsen Manufacturing Co., 396 So.2d 731 (Fla. 2d DCA 1981), and Builders Shoring and Scaffolding Equipment Co., Inc. v. Schmidt, 411 So.2d 1004 (Fla. 5th DCA), review denied, 419 So.2d 1200 (1982). Savage and Schmidt both hold that changes in a product over a period of time and the necessity for reasonable maintenance are not defects under section 402A Restatement (Second) of Torts (1965).[2]
As our sister courts have done in Savage and Schmidt, we here approve of the holding and reasoning set forth in Foster v. Marshall, 341 So.2d 1354 (La. App. 1977), where the court said:
A manufacturer cannot be expected to design products with component parts which will never wear out, regardless of the nature of use or maintenance. A manufacturer is entitled to anticipate that a consumer purchasing its product will use reasonable care in maintaining it... .
... .
A product is defective when the risks are greater than a reasonable buyer would expect [citation omitted]. A reasonable buyer ... should expect the product to contain consumable parts which require inspection and maintenance.
341 So.2d at 1361. We join the second and fifth districts in reiterating that a manufacturer is not an insurer of its product.
Presto does have a duty to warn users of potential harm which can result through improper use of the pressure cooker, but this duty extends only to those dangers which are not obvious, Clark v. The Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981). "A manufacturer is not compelled to warn knowledgeable purchasers of the dangers of which the buyer either knows or should be aware," Foster at 1362, a conclusion reached by this court in Wickham v. Baltimore Copper Paint Co., 327 So.2d 826 (Fla. 3d DCA 1976) (summary judgment for defendant/manufacturer proper where plaintiff/user of product was cognizant of the dangers involved). Mr. Perez testified at his deposition that he was aware that pressure cooker parts wore out and needed to be replaced periodically.[3]
Additionally, it is difficult to imagine, as a practical matter, how likely it would be for a warning to reach a third party purchaser twenty-three years after the pressure cooker was manufactured. See Foster at 1362.
The trial court properly concluded that there was no showing by the Perezes of a defect in the pressure cooker and that there was no genuine issue of material fact, see Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The need for proper maintenance of the pressure cooker and replacement of worn parts was obvious and did not require warnings by Presto.
Accordingly the circuit court's final summary judgment is affirmed.
NOTES
[1] Presto in answer to interrogatories asserted that this incident is the first reported failure of an overpressure safety plug.
[2] "The seller is not liable when he delivers the product in safe condition, and subsequent mishandling or other causes make it harmful by the time it is consumed." Restatement (Second) of Torts § 402A, comment g (1965).
[3] Comment j of the Restatement (Second) of Torts § 402A (1965) provides that "a seller is not required to warn with respect to products or ingredients in them, which are only dangerous, or potentially so, when consumed in excess quantity, or over a long period of time, when the danger, or potentiality of danger is generally known and recognized."