501 So.2d 653 (1986)
GEORGIA-PACIFIC CORPORATION, Appellant,
v.
John C. REID, et al., Appellees.
No. 85-1852.
District Court of Appeal of Florida, Fifth District.
December 31, 1986.
Rehearing Denied February 3, 1987.
*654 Alan C. Sundberg, Sylvia H. Walbolt & John B. Liebman of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for appellant.
Edward A. Perse of Horton, Perse & Ginsberg, Miami, and Nance, Cacciatore & Sisserson, Melbourne, for appellees.
COBB, Judge.
The plaintiff below, John C. Reid, was injured as the result of a fall in a Sambo's Restaurant restroom. The fall, according to the plaintiffs, was occasioned by some bluish-green liquid soap which had leaked onto the floor from a soap dispenser. The dispenser was leased to Sambo's by the manufacturer, Georgia-Pacific Corporation, acting through a distributor, Environmental Services, Inc.
Reid and his wife sued Sambo's, Georgia-Pacific and Environmental Services. The case proceeded to trial, resulting in a $1,200,000 verdict against Sambo's and Georgia-Pacific. Environmental Services was expressly exonerated from any negligence by the jury verdict. Georgia-Pacific brings this appeal.
The undisputed facts show that Georgia-Pacific manufactured a soap dispenser reasonably designed (as found by jury interrogatory verdict) to dispense Georgia-Pacific pink soap. Sambo's was expressly told to use the Georgia-Pacific soap and warned not to use other soap. Without Georgia-Pacific's knowledge, Sambo's apparently used some bluish-green liquid soap, which leaked onto the floor, causing Reid's fall. This interpretation of events, the strongest inferentially available for the plaintiffs under the evidence presented, renders Sambo's liable for the misuse of Georgia-Pacific's nondefective product  but not Georgia-Pacific. See, e.g., Perez v. National Presto Industries, Inc., 431 So.2d 667 (Fla. 3d DCA), petition *655 denied, 440 So.2d 352 (Fla. 1983); Talquin Electric Cooperative, Inc. v. Amchem Products Inc., 427 So.2d 1032 (Fla. 1st DCA 1983); Clark v. Boeing Co., 395 So.2d 1226 (Fla. 3d DCA 1981); Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla. 2d DCA), cert. denied, 352 So.2d 176 (Fla. 1977).
Further, there can be no contention of vicarious liability through the acts of Environmental Services given the jury verdict exonerating Environmental Services from negligence. See Bankers Multiple Line Insurance Co. v. Farish, 464 So.2d 530 (Fla. 1985). Nor can it reasonably be contended that Georgia-Pacific had the duty to warn users of its product that liquid soap is slippery. That is simply common sense.
REVERSED.
DAUKSCH and SHARP, JJ., concur.