652 So.2d 883 (1995)
Adriana SANDERS, as Personal Representative of the Estate of Warren C. Sanders, Appellant,
v.
AMERICAN BODY ARMOR AND EQUIPMENT, INC., a Florida corporation, Appellee.
No. 94-386.
District Court of Appeal of Florida, First District.
March 14, 1995.
Rehearing Denied April 20, 1995.
David M. Wells of Mahoney, Adams & Criser, P.A., Don H. Lester of Shafer, Lester & Jones, Jacksonville, for appellant.
V. James Facciolo of Kent, Hayden, Facciolo & McMorrow, P.A., Jacksonville, for appellee.
LAWRENCE, Judge.
We have for review an order granting defendant's reserved motion for directed verdict and, alternatively, granting a new trial. We affirm the directed verdict of the trial court.
Warren Sanders (Sanders), a law enforcement officer employed by the Jacksonville *884 Sheriff's Office, was killed on July 26, 1990, while participating in an undercover investigation which resulted in heavy gunfire and loss of life. Sanders was shot fifteen times. An expert testified that he died of two bullet wounds  one to the abdomen, and one to the chest  both fatal, and both inflicted "split seconds" apart. One bullet came from the weapon of an assailant, and one, inadvertently, from the weapon of a fellow officer.
Sanders was wearing a vest manufactured and sold by American Body Armor and Equipment, Incorporated (Armor), which met specifications prepared and submitted by the Sheriff's Office. Although several styles of vests were available, including overlapping panels, the Sheriff's Office specifications provided for a "buttfit" style, which Sanders was wearing at the time of his death. The "buttfit" style vest consisted of front and back panels extending to and abutting or joining on each side of his chest. The area of the body at the point of joinder on each side of the chest thus was not protected, because the panels did not overlap. One of the fatal bullets entered his body at this unprotected point. The other fatal bullet entered his abdomen at a point below and outside of the vest area.
The estate's complaint included an allegation that Armor was negligent in failing to warn that its buttfit style vest provided limited protection at its edges and abutment areas. The jury returned a verdict in favor of the estate based on failure to warn. We agree with the trial court that the absence of protection at the sides or abutment area of Armor's vest was open and obvious and, therefore, no warning was required as a matter of law. Knox v. Delta Int'l Mach. Corp., 554 So.2d 6 (Fla. 3d DCA 1989); Georgia-Pacific Corp. v. Reid, 501 So.2d 653 (Fla. 5th DCA 1986), review denied, 509 So.2d 1118 (Fla. 1987). We write only to clarify the matter of concurrent causes.
The trial court's directed verdict was based in part on the court's reasoning that the bullet to Sanders' chest in the abutment area was not the proximate cause of his death, because he would have died nevertheless from the bullet to his unprotected abdomen. We disapprove of this as one of the reasons for granting the motion for directed verdict. The Florida Supreme Court tells us:
The feasibility of apportioning fault on a comparative basis does not render an indivisible injury "divisible" for purposes of the joint and several liability rule. A concurrent tortfeasor is liable for the whole of an indivisible injury when his negligence is a proximate cause of that damage. In many instances, the negligence of a concurrent tortfeasor may be sufficient by itself to cause the entire loss. The mere fact that it may be possible to assign some percentage figure to the relative culpability of one negligent defendant as compared to another does not in any way suggest that each defendant's negligence is not a proximate cause of the entire indivisible injury.

Walt Disney World Co. v. Wood, 515 So.2d 198, 201 (Fla. 1987) (emphasis added); see also Rawls v. Ziegler, 107 So.2d 601, 605 (Fla. 1958) ("Where injury results from two separate and distinct acts of negligence by different persons operating and concurring simultaneously and concurrently, both are regarded as the proximate cause and recovery can be had against either or both"); Hernandez v. Pensacola Coach Corp., 193 So. 555, 558 (Fla. 1940) ("It is a general principle of negligence, where an injury results from two separate and distinct acts of negligence committed by different persons operating concurrently, that both are regarded as the proximate cause and that recovery can be had against either or both.").
Dean Prosser explains why multiple defendants are liable when the negligence of each one is a substantial factor in bringing about harm, despite that each defendant's negligence is not a cause but for which the harm would not have occurred:
Restricted to the question of causation alone, and regarded merely as a rule of exclusion, the `but for' rule serves to explain the greater number of cases; but there is one type of situation in which it fails. If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed. ... A stabs C with a knife, and B fractures C's skull with a rock; either wound would be fatal, and C dies from the *885 effects of both... . In such cases it is quite clear that each cause has in fact played so important a part in producing the result that responsibility should be imposed upon it; and it is equally clear that neither can be absolved from that responsibility upon the ground that the identical harm would have occurred without it, or there would be no liability at all.

W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 41, at 266-67 (5th ed. 1984) (footnotes omitted; emphasis added); see also Goldschmidt v. Holman, 571 So.2d 422, 424-25 (Fla. 1990) (defining "concurrent causes" as "two separate and distinct causes that operate contemporaneously to produce a single injury," and noting that the concurrent cause jury charge "negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage"). The instant two fatal bullets, fired split seconds apart, are concurrent causes of a single injury  Sanders' death.
We nevertheless affirm the trial court's directed verdict for Armor, based on the open and obvious absence of protection in the abutment area of Armor's vest worn by Sanders at the time of his death.
It is so ordered.
JOANOS and BENTON, JJ., concur.