LOUIS G. KAUDERER AND ALICE K. NICKLES, PLAINTIFFS-RESPONDENTS, v. McALLISTER COAL COMPANY, BODY CORPORATE OF THE STATE OF NEW JERSEY, AND CHARLES JONES, DEFENDANTS-APPELLANTS.

Argued October 18, 1944—Decided January 4, 1945.

For the defendants-appellants, *Lloyd, Horn & Perskie*
(*John Lloyd, Jr.,* and *David M. Perskie,* of counsel).

For the plaintiffs-respondents, *Quinn & Doremus* and
*Edward Farry, Jr.* (*J. Victor Carton,* of counsel).  ·

The opinion of the court was delivered by

COLIE, J.   The defendants, McAllister Coal Company and
Charles Jones, appeal from judgments entered against them
in the Atlantic Circuit of the Supreme Court.   The judg-
ments were for $500 in favor of Louis G. Kauderer for
property damage to his automobile and $25,000 in favor of
Alice K. Nickles for personal injuries sustained by her.   The
jury returned a verdict finding the McAllister Coal company
and its driver, Charles Jones, guilty of negligence and assessed
the damages as stated above.   The court thereupon molded
the verdict to include no cause for action on the counter-
claim filed by the coal company against Kauderer.

The suits arose out of a day-time collision between an
automobile owned and driven by Louis G. Kauderer and a
truck owned by the McAllister Coal Company and driven by
its employee, Charles Jones.   Miss Nickles was a passenger
and invitee in the Kauderer car, which was going south on
Virginia Avenue while the coal truck was going east on
Baltic Avenue.   The details in connection with the happen-
ing of the accident need not be discussed except as herein-
after stated.

The grounds of appeal filed by the appellants numbered 34,
but they were briefed and argued under four headings, each
of which goes to alleged error by the trial court in its instruc-

tions and charge to the jury. We deal first with the last point raised in appellants' brief, namely, that the judgments should be reversed because the charge is confusing, ambiguous, obscure, involved and lacking in clarity. This point embraces 11 of the 34 grounds of appeal, each of which is directed to a specific portion of the court's charge to which exception was taken.

In construing a court's charge to the jury, certain cardinal principles have been laid down by our courts to guide a reviewing court in determining whether or not the charge, as delivered, contains reversible error. Among those principles are the following: The meaning of a charge is to be determined by a consideration of the charge as a whole and not from a consideration of isolated portions thereof severed from their context. *Lyon* v. *Fabricant*, 113 *N. J. L.* 62. The charge must present the law fairly and clearly, so that the jury cannot reasonably be thought to have been misled thereby. *Simons* v. *Lee*, 117 *Id.* 370. The acid test is, would the jury be misled? *Middleton* v. *Public Service Co-ordinated Transport*, 131 *Id.* 322. The rule to be followed by an appellate court in examining a charge has been stated in this court by Mr. Justice Perskie in the following language: "The orderly and proper procedure is to study the charge of the court, with due regard to the issues and proofs, in its entirety as delivered. Does the charge as so delivered fairly and accurately state the law applicable? 'Would ordinary men and jurors understand the instruction as a whole?' (citing cases). Or was the jury misled to the injury of the appellant?" (citing cases) *Cleary* v. *Camden*, 118 *Id.* 215. In *Kargman* v. *Carlo*, 85 *Id.* 632, this court said, through Mr. Justice Trenchard "So long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole."

An examination of the entire charge as delivered leaves this court in considerable confusion as to what the language

means, and it must assuredly have been even more confusing in the minds of the legally untrained jurors who did not know what the correct rules of law were and had to rely solely on the charge of the court for guidance. The result leads to a reversal and since the case must be re-tried, we deem it advisable to say something as to the admission in evidence of the statement filed with the police department of Atlantic City. In the course of the examination of the plaintiff Kauderer, he said that he did not see any vehicle approaching, and, throwing his car into second gear, proceeded across the intersection, and when he was about three-quarters of the distance across Baltic Avenue, he observed a truck coming east on its extreme right side of the street. The defendants then offered in evidence for the purpose of contradiction and as admission against interest, the statement above referred to, which was written out and signed by Mr. Farry, Kauderer's attorney. Mr. Farry, according to the testimony, was engaged to do whatever was necessary in Kauderer's behalf and there was also evidence that Kauderer had not discussed the facts of the accident with him prior to the filing of the statement. However, it is clear that Kauderer gave no specific authorization to his attorney to prepare the paper, sign his, Kauderer's, name thereto and file it with the police department. Whether or not a written statement made by an attorney under these circumstances is admissible in evidence seems to be a case of novel impression in this state, but we believe the sound principle to be that "written admissions of fact made by an attorney out of court cannot be used against his client unless it appears that they were made for the specific purpose of dispensing with proof or influencing the procedure in a cause, or it appears that the attorney had some special authority to act for his client out of court and that the admissions were properly related thereto." The rule as quoted above will be found in 97 *A. L. R.* (at *p.* 387). Clearly the written admissions of Mr. Farry were not made for the specific purpose of dispensing with proof or influencing the procedure in a cause, nor did Mr. Farry have any special authority to act for his clients.

For the reasons stated, the judgments are reversed to the end that a *venire de novo* be awarded, costs to abide the event.

*For affirmance*—DONGES, DILL, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.