8 N.J. Super. 247 (1950)
73 A.2d 843
GEORGE A. PUCCI, T/A BERGEN BUSINESS BUREAU, PLAINTIFF-RESPONDENT,
v.
MATTHEW WEINSTEIN AND MATTHEW G. LOIBL, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1950.
Decided June 14, 1950.
*248 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. John T. Mooney argued the cause for the plaintiff-respondent (Messrs. Hein & Smith, attorneys).
Mr. Albert S. Gross, attorney for and of counsel with defendants-appellants, argued the cause.
The opinion of the court was delivered by EASTWOOD, J.A.D.
Defendants, Matthew Weinstein and Matthew G. Loibl, appeal from a judgment entered against them by the Bergen County Court, Law Division, following *249 the jury's verdict, for the sum of $1,875, representing plaintiff's brokerage commission for the sale of the liquor business of the defendant, Matthew Weinstein to the defendant, Matthew G. Loibl.
Defendants assert four grounds of appeal, viz.: (1) the court erred in denying defendants' motions for judgment of dismissal; (2) the court erred in admitting into evidence proof of plaintiff's activities with strangers to the transaction; (3) "The court erred in its charge that the burden of proving that the plaintiff was not the efficient and procuring cause of the sale was on the defendants;" and (4) that the verdict is against the weight of the evidence. The third ground of appeal is the only one that necessitates discussion.
While the court correctly charged the jury on the question of burden of proof, the defendants assert that it erred in making an inconsistent statement of the law, which was prejudicial to the defendants, viz.:
"* * * On the other hand, when the defendant comes into court and says that someone else brought about this sale other than Mr. Pucci, he must sustain that contention by the preponderance of evidence in his favor. That is the duty of the plaintiff and the defendant as well."
Defendants contend that this erroneous statement of the law by the court had the effect of shifting the burden of proof from plaintiff to defendants. Defendants fail to support their argument with any citations.
The cardinal principles to determine whether a court's charge contains reversible error are: its meaning is to be ascertained from a consideration of the charge as a whole and not from isolated portions thereof severed from their context, and the charge must present the law fairly and clearly, so that the jury cannot reasonably be thought to have been misled thereby. Kauderer v. McAllister Coal Co., 132 N.J.L. 410 (E. & A. 1945). 53 Am. Juris., p. 618, § 842. The acid test is, was the jury misled to the injury of the defendants? Kauderer v. McAllister Coal Co., supra.
*250 In determining whether the challenged excerpt of the court's charge is reversible error, plaintiff contends that it cannot be severed from the rest of the charge, but that the charge must be considered in its entirety; and that so read, it correctly informed the jury of the applicable principle of law in question. It is true that the court charged the correct rule of law both prior and subsequent to the erroneous statement. However, the trial judge failed to withdraw or modify the erroneous portion. An opportunity to do so was provided at the conclusion of the court's charge, when the jury was directed to retire "momentarily in order to give counsel an opportunity to talk to the Court about this charge." Thereafter, defendants called the court's attention to the fact that it had charged "that the defendants must prove by a preponderance of the evidence that plaintiff was not the efficient and producing cause of the sale," and took an exception thereto. A colloquy ensued wherein the court stated that it felt it had correctly charged the applicable law. In reply, defendants' counsel stated: "Your Honor did say that, and then, I think, perhaps the effect was vitiated by the subsequent remarks of the court." When the jury returned, the court, complying with the request of plaintiff's counsel, gave a further instruction concerning the stipulated amount of the verdict, in the event they found for the plaintiff, but made no further charge on the question of burden of proof. It will thus be observed that the erroneous statement of the law was specifically called to the court's attention and while it had ample opportunity to correct its error and instruct the jury to disregard it, it failed to do so. The duty of the court under the circumstances prevailing here has been clearly defined by text writers and our courts. The generally accepted rule of law is stated in 53 Am. Juris., p. 614, § 837:
"* * * The rule that a charge is to be considered as a whole, and that judgment will not be reversed because one paragraph or phrase standing alone may be defective, if the instructions as a series correctly state the law, does not apply where two instructions are directly in conflict and one is clearly erroneous and prejudicial, that is, where the error consists not of an omission of some material *251 fact, but of an affirmative statement by the court which, when considered with the other instructions, tends to confuse the jury. In such a situation, it will not be presumed that the jury followed the correct instruction, but a new trial will be granted on motion therefor, or judgment will be reversed on appeal."
The expression of the rule in New Jersey is found in the case of State v. Erie R.R. Co., 84 N.J.L. 661, 666 (1913), wherein Mr. Justice Garrison, speaking for the Court of Errors and Appeals, stated:
"* * * If a judge makes a mistake in charging the jury, he may undoubtedly cure it by calling attention to it as a mistake and directing the jury to disregard it or to substitute for it a later statement of the law. Nothing of that sort was done in the present case, where the most that can be said is that two statements of the law were made to the jury, one of which was erroneous. Unless we conceive of our trial system as one in which the jury is clothed with the capacity to decide between two judicial statements of the law and unerringly to select the correct statement and to disregard the incorrect, the error of the charge in the present case was not cured or rendered non-injurious to the defendant who excepted to it."
We find from our examination of the other grounds of appeal that they are without merit.
We are convinced that the instructions under review are contradictory, that it was impossible for the jury to decide which should prevail, and it is equally impossible, after the verdict, to know whether the jury followed the correct statement of the law or the erroneous instruction.
The judgment is reversed.