104 So.2d 25 (1958)
Angeles DE LA CONCHA, Appellant,
v.
Herculano PINERO, Jr., Appellee.
Supreme Court of Florida.
June 27, 1958.
Rehearing Denied July 22, 1958.
*26 Gray, Chandler, O'Neal & Carlisle, Gainesville, for appellant.
Lazonby, Dell, Graham & Willcox and E.R. Mills, Jr., Gainesville, for appellee.
WIGGINTON, District Judge.
Plaintiff has appealed from the trial court's order granting defendant's motion for a new trial on the ground that the court erred in refusing one of the defendant's requested charges to the jury.
By her complaint plaintiff sought damages for injuries sustained by her as a guest passenger in defendant's automobile and as a proximate result of defendant's gross negligence. The single defense denied the alleged gross negligence and the consequences thereof.
Plaintiff's proof establishing her right to recovery by reason of defendant's gross negligence is not questioned here. *27 We must therefore presume that any conflicts in the evidence were properly resolved by the jury in plaintiff's favor. The uncontroverted evidence reveals that shortly before the collision out of which plaintiff's injuries arose, defendant was operating his automobile with a trailer attached, in a northerly direction along a congested main state highway at a high rate of speed. In front of defendant's automobile was a slow moving truck travelling in the same direction with its right wheel some sixteen inches off the paved roadway and on the righthand shoulder. As defendant was about to overtake and pass the truck, its driver signaled for a lefthand turn and started to the left in order to enter an intersecting public road. When the truck driver observed defendant's automobile rapidly approaching from the rear, he immediately turned back to the right in a futile attempt to avoid the ensuing collision in which plaintiff was injured.
After the close of all the evidence and during the conference to settle instructions to the jury defendant requested a special instruction relative to F.S. § 317.34, F.S.A.; which statute provides that the driver of a vehicle intending to turn left at an intersection shall approach the intersection in that portion of the right half of the roadway nearest the centerline thereof. Defendant's requested instruction was as follows:
"The Court charges you that under the law of the State of Florida, a driver of a motor vehicle intending to turn left at an intersection shall do so by approaching the intersection in that part of the right half of the highway nearest the center line.
"Therefore, if you find from the evidence that the truck driver involved in this accident failed to approach the dirt road he intended to turn left onto in that part of the right half of the highway nearest the center line, and this failure on his part proximately caused the accident and plaintiff's injury, then, and in that event, plaintiff cannot recover from defendant, and your verdict must be for the defendant, Herculano Pinero, Jr."
This request was predicated upon the theory that if the jury found from the evidence that the truck driver's failure to comply with the statutory requirements as to intersectional left turns proximately caused the collision in question, then defendant was absolved from any liability regardless of any gross negligence on his part. The requested instruction was refused by the court, but after verdict and on motion for new trial the court concluded that such refusal was error and therefore entered its order granting a new trial from which this appeal is taken.
If the legal theory on which defendant based its requested instruction is sound, then it follows that the trial court's initial refusal to give same constituted error. If not, the trial court's order granting defendant's motion for new trial is error.
Proximate cause has been defined as that which naturally leads to or produces a given result; such as might be expected directly and naturally to flow therefrom; and such cause as naturally suggests itself to the mind of any reasonable and prudent man as likely to flow out of the performance or nonperformance of any act.[1]
It is universally agreed that if damages are caused by the concurring force of a defendant's negligence and some other force for which he is not responsible, the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage.[2] When injury results from two separate and distinct acts of negligence committed by different persons *28 operating concurrently, both are regarded as the proximate cause and recovery can be had against either or both.[3]
In his work on the law of motor vehicles[4] Blashfield states:
"The general principle of negligence that where injury results from two separate and distinct acts of negligence by different persons operating and concurring simultaneously and concurrently, both are regarded as the proximate cause, and recovery may be had against either or both the responsible persons is applicable in actions for injuries to guests or occupants of automobiles, and frequently is applied thereto.
"Consequently, if the driver of a car in which a person is riding is guilty of negligence which jointly with the negligence of the driver of another colliding vehicle is the proximate cause of an injury, an action will lie against both the drivers."
Thus, when an injury is caused by the concurring negligence of two or more parties, each is liable to the injured to the same extent as though it had been caused by any one of the several alone.[5] Such acts of concurring negligence give rise to joint and several liability, and there need be no common duty, common design or concerted action.[6]
From the foregoing it is apparent that even though the jury may have found that the truck driver's act in turning left from a position to the extreme right of the centerline in a manner contrary to the statute constituted negligence which was the proximate cause of the accident, such a finding would not necessarily have exonerated the defendant. The jury was nevertheless privileged to find defendant's act a concurring and grossly negligent one. In this connection the trial court properly charged, without objection, that for plaintiff to recover she must prove by a preponderance of the evidence not only that the defendant was guilty of gross negligence, but that such conduct on his part was the proximate cause or at least one of the proximate causes of the accident.
It must be noted that we are not here dealing with the question of sole proximate cause. Had the requested charge instructed the jury that in the event they found the truck driver's negligence, if any, was the sole proximate cause of the plaintiff's injury then no recovery could be had against the defendant, such would have correctly stated the applicable law as settled in this jurisdiction. This was not the case. Defendant's charge as requested was in direct conflict with the court's general charge and may well have completely confused the jury, since under the former defendant could not have been found liable even though his gross negligence had been found to be one of the proximate causes of plaintiff's injuries.
For the foregoing reasons we hold that the trial court was correct in refusing to charge the jury in accordance with defendant's request. It, therefore, follows that the trial court erred in granting defendant's motion for a new trial grounded upon the court's refusal to give the requested charge. Accordingly, the order appealed from is hereby reversed and the cause remanded with directions to enter a judgment on the verdict.
TERRELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Tatom v. Seaboard Air Line R. Co., 93 Fla. 1046, 113 So. 671; Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land Transp. & Mfg. Co., 27 Fla. 1, 9 So. 661, 17 L.R.A. 33, 65.
[2] Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425.
[3] Hernandez v. Pensacola Coach Corp., 141 Fla. 441, 193 So. 555.
[4] Blashfield, Cyclopedia of Automobile Law & Practice, Vol. 4, Pt. 2, § 2573, (Perm.Ed.)
[5] Jackson v. Florida Weathermakers, Inc., Fla. 1951, 55 So.2d 575; Crenshaw Bros. Produce Co., Inc., v. Harper, 142 Fla. 27, 194 So. 353.
[6] Davidow v. Seyfarth, Fla. 1952, 58 So.2d 865.