ALLEN, Acting Chief Judge.
The appellant, plaintiff below, instituted suit to recover for injuries sustained in an automobile accident resulting from the alleged negligent operation of a motor vehicle by the defendant, Alfred Poe. The defendants, Alfred Poe and his wife, denied the allegation of negligence and affirmatively alleged that the accident and injuries were solely caused by negligence on the part of the driver of the car in which the plaintiff was a passenger. The case was tried on the issues and resulted in a verdict for the defendants. Judgment for the defendants was entered, plaintiff’s timely motion for new trial was denied and notice of appeal was filed. The defendants moved to dismiss the appeal, but this court denied their motion. See Edwards v. Poe, Fla.App. 1966, 189 So. 2d 220. A suggestion for a Writ of Prohibition was filed by defendants in the Supreme Court of Florida and a Rule Nisi was issued. A hearing was held and the Rule discharged. See State ex rel. Poe v. Allen, Fla. 1967, 196 So.2d 745. We now proceed to a consideration of the cause on the merits.
Succinctly stated, appellant’s sole point on this appeal is that the trial court gave the jury contradictory and repugnant instructions on the material issue of liability. This point is based on appellant’s assignments of error numbers 3, 6 and 10, and accordingly, under the Florida Appellate Rules, all other assignments of error are deemed abandoned. Nasrallah v. Corely, Fla.App.1965, 180 So.2d 476; F.A.R. 3.7(i), 32 F.S.A.
Our chief concern here is with appellant’s assignment of error number three (3), which alleges that the court erred in giving, over plaintiff’s objection, each of defendants’ requested instructions Nos. 2, 6, 8 and 12. To be more precise, appellant has chosen to base his entire argument on defendants’ requested instruction number 2, alleging that it contradicts and is repugnant to one of appellant’s requested instructions.
The court, in its charge to the jury, stated defendants’ instruction number 2 thusly:
“The mere fact that an accident occurs or the fact that the plaintiff has received personal injuries, taken alone without evidence, facts and circumstances, is not evidence of any kind of negligence, but before the plaintiff may recover in a case of this kind, he must show not only that the accident happened in which he was injured, but he must prove by a preponderance of the evidence that the accident was proximately and solely caused by the negligence of the defendant.”
The alleged conflict or contradiction of charges to the jury occurred when subsequent to giving the above charge, the court said:
“ * * * If separate and distinct but concurrent negligent acts of the drivers of different automobiles have caused injury to a third person, said acts are regarded to be as the proximate cause and suit may be brought and recovery may be had against either or both drivers or owners.”
Appellant and appellees have each stated in their excellent briefs that the evidence in the case would have warranted a finding by the jury that both drivers of the automobiles were negligent to some extent. Thus, there is no reason to question the propriety of the trial court’s above charge on concurrent negligence. De La Concha v. Pinero, Fla. 1958, 104 So.2d 25; Hernandez v. Pensacola Coach Corp., 141 Fla. 441, 193 So. 555 (1940); Nichols v. Rothkopf, 135 Fla. 749, 185 So. 725 (1939).
The two charges to the jury, which we have heretofore quoted, involve the same point of law, but represent contradictory and repugnant propositions which we feel *191 could have reasonably misled or confused a jury. Florida Power & Light Company v. McCollum, Fla. 1962, 140 So.2d 569.
In Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83, 89 (1911), the Court said:
“ * * * To state in one part of a charge to the jury that which makes a company furnishing electricity to its patrons a practical insurer of the safety of those patrons, and to state in another part of the charge that such a company is not an insurer, is to state contradictory and repugnant propositions, and a charge containing contradictory propositions is universally held to he reversible error, unless the evidence is such that the jury could not have been misled. 11 Ency. PI. & Pr. 145. This principle of law is based on the fundamental law of thought called ‘excluded middle’; that is, that of two contradictory or repugnant propositions one or the other must necessarily be false. There is no middle ground between such propositions and no rational way of harmonizing them. They are necessarily misleading and confusing when presented to a jury, and we are unable to say the plaintiff in error was not prejudiced by the instruction we have been considering. Danford v. State, 53 Fla. 4, 43 South. 593; Mayer v. Wilkins, 37 Fla. 244, 19 South. 632; A.C.L.R. Co. v. Crosby, 53 Fla. 400, 43 South. 318; Davis v. State, 54 Fla. 34, 44 South. 757.”
We are not unmindful of the general rule of law which provides ¿hat a charge is to be considered as a whole, and that judgment will not be reversed because one paragraph or phrase standing alone may be defective, if the instructions as a series correctly state the law. However, as the Superior Court of New Jersey, Appellate Division, pointed out in the case of Pucci v. Weinstein, 8 N.J.Super. 247, 73 A.2d 843 (1950), the above rule
“ ‘ * * * does not apply where two instructions are directly in conflict and one is clearly erroneous and prejudicial, that is, where the error consists not of an omission of some material fact, but of an affirmative statement by the court which, when considered with the other instructions, tends to confuse the jury. In such a situation, it will not be presumed that the jury followed the correct instruction, but a new trial will be granted on motion therefor, or judgment will be reversed on appeal.’ * * * ”
As stated in the Pucci case, supra:
“ ‘ * * * If a judge makes a mistake in charging the jury, he may undoubtedly cure it by calling attention to it as a mistake and directing the jury to disregard it or to substitute for it a later statement of the law. Nothing of that sort was done in the present case, where the most that can be said is that two statements of the law were made to the jury, one of which was erroneous. Unless we conceive of our trial system as one in which the jury is closed with the capacity to decide between two judicial statements of the law and unerringly to select the correct statement and to disregard the incorrect, the error of the charge in the present case was not cured or rendered noninjurious to the defendant who excepted to it.’ ”
Section 54.23, Fla.Stats., F.S.A. (1965), provides:
“No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a mis *192 carriage of justice. This section shall be liberally construed.”
The above statute is, of course, generally known as the “Harmless Error Statute” which, in essence, means that unless an error affects the substantial rights of the parties, neither the State nor the parties should be required to retry a case. It is axiomatic then that the judgment of the lower court in this case cannot be reversed or a new trial granted on the ground of misdirection of the jury, unless, in our opinion, the giving of the contradictory charges resulted in a miscarriage of justice.
In our opinion the giving of the contradictory and repugnant charges complained of has resulted in a miscarriage of justice. A new trial is, therefore, granted.
As the Supreme Court of Florida noted in Florida Power & Light Co. v. McCollum, Fla.1962, 140 So.2d 569:
“ * * * A fuu consideration of the authorities reflects no intent to adopt an entirely subjective test as to whether a particular jury was actually misled, but instead the inquiry is whether the jury might reasonably have been misled. The requirement, in statutory language, is that an error must have ‘resulted in a miscarriage of justice.’ Such a miscarriage results when instructions are not only erroneous but also, as found in the instant case, reasonably calculated to confuse or mislead.”
In reiteration, the two charges under review were that in order for plaintiff to recover, he must prove that the negligence of the defendants was the sole proximate cause of injury, and that the plaintiff could recover from defendants if the negligence of both drivers proximately caused plaintiff’s injury. We feel that these charges would tend to mislead and confuse a jury to the point that it would be impossible for the jury to decide which should prevail. From the verdict we cannot know whether the jury followed the correct statement of the law or the erroneous charge.
The cause is, therefore, reversed and remanded for a new trial.
PIERCE and HOBSON, JJ., concur.