277 So.2d 313 (1973)
The FLORIDA NATIONAL BANK OF JACKSONVILLE, a Banking Corporation, Appellant,
v.
The EXCHANGE BANK OF ST. AUGUSTINE, a State Banking Corporation, Appellee.
No. P-277.
District Court of Appeal of Florida, First District.
May 8, 1973.
Rehearing Denied May 31, 1973.
Wayne H. Perrine and J.W. Harrell, of Harrell & Perrine, Jacksonville, for appellant.
Upchurch & Upchurch, St. Augustine, and John J. Upchurch, of Van Wert & Upchurch, Daytona Beach, for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of a final judgment in the amount of $3,700.00, which represents the amount of a check drawn on June 27, 1968, by one Edward Reizen on his account with Community National Bank and Trust of Bal Harbour.
The check was payable to Upchurch and Upchurch and was deposited in their trust account with appellee, Exchange Bank of *314 St. Augustine. Appellee forwarded the check for collection to appellant, Florida National Bank of Jacksonville. The check was a counter check and had not been encoded. The name Community National Bank had been handwritten by Reizen on the top of the check. Appellant encoded the check with a magnetic ink routing code symbol to prepare the check for sorting by the Federal Reserve Bank's automatic processing machine. However, the routing symbol printed on the check by appellant was that of Peoples National Bank of Bay Harbor Islands because the American Bankers Association Handbook customarily used in banking circles for the purpose of ascertaining routing numbers failed to list any bank in Bal Harbour, Florida, and the encoding clerk assumed that the intended bank was in Bay Harbor Islands, Florida, where the Peoples National Bank was located. The check was received by the Bay Harbor Islands bank on July 8, 1968, and returned to the Federal Reserve Bank because Reizen had no account there. The check was apparently lost in the mail and on August 30, 1968, the Federal Reserve forwarded a photostat of the check to the correct bank, Community National Bank of Bal Harbour. Reizen refused to authorize Community National Bank to honor the photostatic copy. After learning of this, appellant requested that appellee obtain payment in order that it might adjust its account with the Federal Reserve. Appellee refused to pay and the Federal Reserve Bank charged the $3,700 back to appellant. Appellant then charged the amount back to appellee.
Appellant contends, inter alia, that the misencoding of the check by one of its employees was not the proximate cause of the loss. We agree.
It appears from the record that if the check had not been lost in the mail, the Federal Reserve Bank would have transmitted the check to Community National Bank no later than July 15, 1968. If the check had been received by that date, it would have been paid, as the Reizen account carried a balance sufficient to pay the check until August 16, 1968. Therefore, the injury was occasioned by the loss in transit and not the misencoding.
It is well established that in order to prove negligence it must be shown that the wrongful act was the proximate cause of the injury, absent any efficient intervening causes. In order for an intervening cause to supersede a prior negligence, it must be capable of bringing about a direct injurious result independent of the prior action. It must be the cause which interrupts the sequence of events, prevents the natural result of the original act, and reasonably might not have been anticipated, 57 Am.Jur.2d, Negligence, § 193.
If the intervening event was foreseeable by the original wrongdoer, then it does not supersede the original negligence. For a thorough analysis of proximate cause, see this court's opinion in Pope v. Pinkerton-Hay Lumber Co., 120 So.2d 227 (Fla.App. 1960).
In the case sub judice, the loss in transit was independent of the erroneous encoding. It interrupted the logical sequence of events in that if the check had not been lost in the mail it would have been received by the correct bank and paid. Also, it cannot be said that the loss in transit was a foreseeable consequence of the original misencoding. Although the check was negligently encoded, there is no evidence that the encoding was the proximate cause of the injury in light of the well established principles of intervening cause and foreseeability.
Appellee's reliance on the theory of concurrent negligence as expressed in De La Concha v. Pinero, 104 So.2d 25 (Fla. 1958), is also without merit. The Supreme Court in De La Concha stated:
"It is universally agreed that if damages are caused by the concurring force of a defendant's negligence and some other force for which he is not responsible, *315 the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage. ..." (Emphasis added)
It appears then that the two concurring events must each in and of themselves be the proximate cause of the injury. In the case at bar, there is no evidence that the misencoding of the check was the proximate cause of the loss. As pointed out above, it was due to an independent, intervening cause which was not foreseeable. On the contrary, all the evidence indicates that the loss in the mail caused the delay in presentment; and since this incident alone was causally connected to the injury, there could be no concurrent negligence, for the rule is well settled that concurrent negligence renders the parties liable only if each of the concurrent acts of negligence are proximate cause of the injury.
Accordingly, there being no evidence which could legally justify the jury's finding that appellant's actions were the proximate cause of the loss, it was error not to grant appellant's motion for directed verdict made at the end of the case.
Reversed.
JOHNSON, J., concurs.
WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
There can be little doubt but that it was the delay in presenting this check for payment which caused the loss involved in this case. The sole issue for jury determination was whether appellant was legally responsible, either in whole or in part, for the delay which resulted in the loss.
The pertinent provision of the Uniform Commercial Code provides that a collecting bank such as appellant herein is required to use ordinary care in presenting or sending an item for presentment.[1] The evidence, when construed in a light most favorable to the prevailing party, establishes that appellant was guilty of negligence when it erroneously encoded the check in preparing it for routing to the drawee bank for presentment, which negligence resulted in its being sent to the wrong bank for payment. The jury could reasonably have found from the evidence that had appellant not committed the foregoing act of negligence, the check would have cleared the drawee bank and been paid without difficulty. The jury could likewise have found from the evidence that because of the error of appellant in erroneously encoding the check it was mailed to a bank which was a stranger to the transaction, resulting in the check being returned by mail for correct encoding and rerouting to the proper bank on which it was drawn. It was at this point that the check became lost in the mails and could not be located for presentment and payment.
From the foregoing it cannot be seriously questioned but that the jury was privileged to find that it was appellant's act of negligence in erroneously encoding the check, concurring with the negligence of the postal authorities in losing the check in the mails, which produced the delay that directly resulted in the loss sustained. Such a finding by the jury would support the judgment appealed under the decision of the Supreme Court in De La Concha v. Pinero[2] in which it is held:
"It is universally agreed that if damages are caused by the concurring force of a defendant's negligence and some other force for which he is not responsible, the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage. When injury *316 results from two separate and distinct acts of negligence committed by different persons operating concurrently, both are regarded as the proximate cause and recovery can be had against either or both."
I do not perceive it to be within the province of this court to usurp the function of the jury or substitute our judgment for that of the triers of the facts. The majority opinion is premised upon a contrary concept of the law. I would affirm the judgment appealed.
NOTES
[1] § 674.202(1)(a), F.S.

"(1) A collecting bank must use ordinary care in:
"(a) Presenting an item or sending it for presentment; ... ."
[2] De La Concha v. Pinero, (Fla. 1958) 104 So.2d 25, 27, 28.