292 So.2d 361 (1974)
EXCHANGE BANK OF ST. AUGUSTINE, Etc., Petitioner,
v.
The FLORIDA NATIONAL BANK OF JACKSONVILLE, Etc., Respondent.
No. 44022.
Supreme Court of Florida.
February 13, 1974.
Rehearing Denied April 26, 1974.
John J. Upchurch and Upchurch & Upchurch, St. Augustine, for petitioner.
J.W. Harrell, Harrell & Perrine, Jacksonville, for respondent.
ERVIN, Justice.
This is a conflict certiorari review of the decision of the District Court of Appeal, First District, in the case of Florida National Bank of Jacksonville v. The Exchange Bank of St. Augustine (1973), 277 So.2d 313, wherein the District Court reversed a jury's verdict and judgment thereon in the sum of $3,700 in favor of The Exchange Bank, petitioner herein against respondent The Florida National Bank.
The facts in the case are as follows: On June 27, 1968, one Edward M. Reizen attempted to draw a check for $3,700 on his account with Community National Bank & Trust Company in Bal Harbour, Florida, payable to Upchurch & Upchurch, Attorneys in St. Augustine, Florida. Reizen drew the check on a blank form writing "Community National Bank of Bal Harbour" and gave its location as "Bal Harbour, Florida." He wrote in the routing symbol of his bank, 06 31-0599 in the upper left corner of the check. The payees endorsed the check and deposited it in their trust account in the petitioner Bank on July 1, 1968.
*362 In due course the petitioner Bank forwarded the check for collection to respondent Bank where it was received on July 3, 1968.
Respondent Bank encoded the check for routing, however, the encoded symbol magnetically inked thereon was that of "Peoples National Bank of Bay Harbour Islands, #06 31-0195," an incorrect bank
On July 3, 1968, the mistakenly coded check was sent by respondent to the Federal Reserve Bank in Jacksonville, Florida, where it was sorted by automatic machine and routed by mail to Peoples National Bank of Bay Harbour Islands. It was received by that bank on or about July 8, 1968, but because it was not drawn on said bank, it was mailed back to the Federal Reserve Bank of Jacksonville. The Federal Reserve Bank has no record of having ever received it back. The Reserve Bank learned of the item's loss on August 30, 1971, and that day forwarded a photostat of the missing original check to the drawee bank, Community National Bank & Trust Company at Bal Harbour, Florida.
Reizen would not pay the photostated check. Moreover, his account had been reduced to less than $3,700 on August 16, 1968. On September 20, 1968, the respondent notified petitioner of the loss and on November 8, 1968, respondent charged petitioner's forwarding account with it, the sum of $3,700.
Petitioner instituted suit to recover the $3,700 alleging the loss was the proximate result of respondent's related misencoding. The jury's verdict and judgment resulted as above stated.
On appeal the District Court reversed and in opinion said:
"It is well established that in order to prove negligence it must be shown that the wrongful act was the proximate cause of the injury, absent any efficient intervening causes. In order for an intervening cause to supersede a prior negligence, it must be capable of bringing about a direct injurious result independent of the prior action. It must be the cause which interrupts the sequence of events, prevents the natural result of the original act, and reasonably might not have been anticipated, 57 Am.Jur.2d, Negligence, § 193.
"If the intervening event was foreseeable by the original wrongdoer, then it does not supersede the original negligence. For a thorough analysis of proximate cause, see this court's opinion in Pope v. Pinkerton-Hay Lumber Co., 120 So.2d 227 (Fla.App. 1960).
"In the case sub judice, the loss in transit was independent of the erroneous encoding. It interrupted the logical sequence of events in that if the check had not been lost in the mail it would have been received by the correct bank and paid. Also, it cannot be said that the loss in transit was a foreseeable consequence of the original misencoding. Although the check was negligently encoded, there is no evidence that the encoding was the proximate cause of the injury in light of the well established principles of intervening cause and foreseeability." 277 So.2d 314.
It is our view that the District Court improperly substituted its appellate judgment in this case for that of the trier of fact. In so doing, if conflicted with decisions of this Court that ordinarily an appellate court may not as a matter of law subjectively substitute its factual finding of what it deems as intervening efficient proximate cause, for the proximate cause or causes found by the jury. Reference is made to Cone v. Inter County Telephone & Telegraph Co. (Fla. 1949), 40 So.2d 148 and Pinkerton-Hay Lumber Co. v. Pope (Fla. 1961), 127 So.2d 441, cited by petitioner for conflict. Here the jury found and the trial judge did not disturb its finding that the misencoding was the proximate cause *363 of the petitioner's loss. On the other hand, the District Court appellately found that the loss of the check in the mail was the efficient independent intervening cause of the loss of the funds. Reasonable men could differ in selecting the cause or causes resulting in the loss of the funds as between the banks since it involved weighing facts and determining which cause or whether the two in combination produced it.
From the decisional standpoint we conclude the issue to be decided was a jury question and that the jury was in its province in finding the loss was a foreseeable consequence flowing from the original misencoding. It was, of course, a debatable evidentiary issue but fairly so. The old rule of equitable estoppel may have application here in favor of the jury verdict that if one of two innocent persons is to suffer a loss, it should be borne by the one whose negligence put in motion the flow of circumstances causing the loss. Compare De La Concha v. Pinero (Fla. 1958), 104 So.2d 25. Judge Wigginton in dissent in the District Court concluded that the jury was privileged to find that the negligence of misencoding concurred with the loss of the check in the mails and produced the delay that resulted in the loss. We adopt this reasoning as the better view of the case. Compare Savarese v. Hill (DCA 3rd Fla. 1961), 128 So.2d 775.
In recent years this Court has admonished District Courts to beware of substituting appellate factual judgments for those of the trier of facts. See e.g. Westerman v. Shell's City, Inc. (Fla. 1972), 265 So.2d 43.
The decision of the District Court is quashed with direction that the trial court's judgment be reinstated.
It is so ordered.
CARLTON, C.J., and ADKINS AND DEKLE, JJ., concur.
BOYD and McCAIN, JJ., dissent.