BOYER, Judge
(concurring in part and dissenting in part).
I concur with Justice DREW and with the late Justice Ellis in Sikes v. Dade Lumber Co., cited in the above opinion, that full justice is often difficult to accomplish and that we must strive to achieve “justice under the law.” However, it is apparent that the trial judge attempted to achieve justice for all concerned in a very confused factual situation gleaned from contradictory evidence. While I have some difficulty arriving at the same ultimate facts as the trial judge from the conflicting evidence adduced, nevertheless it is his prerogative and not ours to make that determination. Testimony which might be quite convincing to us from a cold record might well have been subject to legitimate doubt by the trial judge who was in a position to observe the witnesses, note their manner and demeanor in testifying and generally weigh their credibility. We are often admonished not to substitute our findings of fact based on a cold record for those of the trial judge who observed the record being made. See Westerman v. Shell’s City, Inc., Sup.Ct.Fla.1972, 265 So. *35 2d 43; Exchange Bank of St. Augustine v. Florida Nat. Bank of Jacksonville, Sup. Ct.Fla.1974, 292 So.2d 361.
Therefore, I would concur in those portions of the above opinion wherein the trial judge was affirmed and dissent in those portions wherein he was reversed.