PER CURIAM.
" Defendant-appellant seeks review of a final judgment in favor of the plaintiff in the sum of $10,500 entered pursuant to a jury verdict.
Plaintiff-appellee, Thomas Hogeland, on December 23, 1970 purchased a Volkswagen bus for the total price of $3,780.93. Appellee paid $717.32 in cash and traded in his old vehicle, leaving a balance of $2,980.93. .He signed a security agreement/retail installment sales contract which provided that it would be assigned to the Hialeah-Miami Springs First State Bank. This contract provided for repossession upon default and defined default as the failure of the buyer to make any payment. Plaintiff-appellee made his monthly payments with American Express money orders. In June 1970 he made such a payment. Thereafter, appellee received a notice of overdue payment from the defendant bank. The following day, plaintiff-ap-pellee took a day off from work to visit the American Express office, the post office, and the bank to discover why his payment had not been received and credited. An employee of the defendant-appellant bank informed plaintiff that he had one week to raise the money or the bank would repossess the bus and further that the money order stubs were not sufficient proof of payment. Appellee was in a marginal financial condition and could not raise additional funds as suggested by the bank. Plaintiff had been able to finance the bus partly on the credit standing of his father-in-law who was unable to assist him financially at the time. Thus, plaintiff was forced to sell the bus, as the bank had suggested to avoid repossession. Subsequently, appellee received from the defendant-appellant a letter which stated that the June payment in fact had been received, but erroneously credited to another account. Thereafter, plaintiff filed a complaint alleging therein that as a result of the defendant bank’s negligence he suffered the following damages: (1) he was caused to sell his bus at a substantial loss; (2) he lost the value of the use of his bus following its sale; (3) he was caused to lose his job for lack of transportation and suffered lost wages as a result thereof; and (4) he was caused to suffer mental anguish, nervousness, humiliation and inconvenience. This cause proceeded to trial by jury at the conclusion of which the jury returned a verdict in favor of the plaintiff in the amount of $10,500. The trial judge entered judgment thereon. The defendant bank appeals therefrom.
On appeal, defendant basically contends that plaintiff-appellee had not presented an actionable cause in negligence in that he failed to prove the element of proximate cause and thus was not entitled to a recovery. We cannot agree.
Whether the defendant bank’s conduct was the proximate cause of the sale of plaintiff’s Volkswagen bus and resulting loss was a question which was submitted properly to the jury for its determination in the case sub judice. The jury having determined the bank’s misapplication of funds was the proximate cause of plaintiff’s injury and the amount of damages as a result thereof, this court will not disturb the jury’s findings. See Exchange *359 Bank of St. Augustine v. Florida National Bank of Jacksonville, Fla.1974, 292 So.2d 361.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.
HENDRY, J., dissents.