326 So.2d 182 (1976)
CRAIN & CROUSE, INC., et al., Petitioners,
v.
PALM BAY TOWERS CORPORATION, Respondent.
No. 46730.
Supreme Court of Florida.
January 7, 1976.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, and Richard H.W. Maloy and Associates, P.A. and Richard J. Burton, Coral Gables, for petitioners.
Richard A. Katz, of Katz & Rosen, Coconut Grove, for respondent.
ENGLAND, Justice.
By petition for a writ of certiorari, we are requested to review a decision of the Third District Court of Appeal reported at 303 So.2d 380. Our jurisdiction is invoked on the basis of direct conflict between the district court's decision and that in Exchange Bank v. Florida Nat'l Bank, 292 So.2d 361 (Fla. 1974), as well as other cases.
Petitioner suggests that the district court below substituted its judgment as to factual matters for the findings made at trial by the trier of fact.[1]Exchange Bank, and the other cases cited for conflict, stand for the fundamental proposition that an appellate court is not free to substitute its judgment for the trier of fact, or to weigh evidence and reach a different conclusion from that reached at trial. The decision below indicates on its face that, by aggregating sufficient facts from the record to establish the negligence of Crain & Crouse, the district court reweighed the evidence and substituted its judgment for that of the trial judge.[2]
*183 The decision below is in conflict with Exchange Bank and must be quashed. The district court is directed to reinstate the judgment of the trial court as to the negligence of Crain & Crouse.
ADKINS, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] In this case, the trial judge sat as the trier of facts.
[2] "Our departure in reasoning from the trial court travels upon the latter's conclusion that the engineers' activity in the supervision and inspection of the jobsite construction for possible deficiencies in the redesign did not amount to a neglect of its professional responsibility to the owner. We think the owner has sufficiently proven negligence, entitling it to recover damages, if any." 303 So.2d at 384.