# A-1 DAHILL MOVING & STORAGE CO. v FRANTZ
## Case No. 87-134 AP
Eleventh Judicial Circuit, Dade County

October 27, 1989

**APPEARANCES OF COUNSEL**

**Melvyn Trute,** for appellants.

**Jeffrey Frantz,** for appellee.

Before HENDERSON, FEDER, DONNER, JJ.

## OPINION OF THE COURT

FEDER, R.Y.

This is the second review of the within matter. We originally entered an Appellate Decision on December 28, 1987. Thereafter, the Appellee filed a timely Motion for Rehearing which was set for hearing, but the matter somehow lay dormant and was never reheard.

The matter has now been reheard by the original appellate tribunal.

The original decision reversed the judgment below in two areas. First, the judgment against the individual defendant, HARVEY DOR-CHUK, was reversed. We do *not* recede from that decision.

The second part of the appeal involved the decision against A-1

DAHILL MOVING & STORAGE CO., INC. We grant the Petition for Rehearing and recede from that part of our opinion.

This second issue involved whether the facts established that the Appellant DAHILL had established its agency for a disclosed principal. The Court misapplied the appellate burden and reversed, based on its conclusion that there was sufficient evidence to establish such disclosure. This Court should rather have determined whether there was sufficient evidence to support the Tirer of Facts' conclusion that such disclosure was not established.

A review of the record shows that the evidence was in dispute as to this issue. This Court cannot substitute its view of the weight of the evidence and reach a conclusion opposite to that of the trier of facts. *Crane and Crouse, Inc. v Palm Bay Towers Corporation*, 326 So.2d 182 (Fla. 1976).

We therefore affirm that part of the Judgment below against A-1 DAHILL, but reverse as to DORCHUCK.