**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3436-22

JANET COLE,

    Plaintiff-Appellant,

v.

CITY OF ESTELL MANOR
PLANNING/ZONING BOARD,

    Defendant-Respondent.

_____

Argued April 9, 2025 – Decided July 2, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-3192-21.

Thomas F. Bullock argued the cause for appellant.

Richard A. Carlucci argued the cause for respondent (Griffith and Carlucci, PC, attorneys; Richard A. Carlucci, on the brief).

PER CURIAM

Plaintiff Janet Cole appeals from the trial court's order of May 26, 2023, denying her motion for summary judgment and dismissing her complaint with prejudice. The trial court agreed with defendant, City of Estell Manor Planning/Zoning Board (Board) that res judicata precluded Cole from submitting a second application before the Board. After careful review, we conclude the Board misapplied res judicata to deny Cole's application. Therefore, the court erred in dismissing plaintiff's complaint. We reverse.

This matter concerns two applications for hardship variance relief under N.J.S.A. 40:55D-70 pertaining to the same property. The first application, the Mitchell application, was denied by the Board on January 27, 2021. The second application, Cole's application, was denied on July 21, 2021.

A comparison of the applications reveals:

| Factor | Mitchell Application | Cole Application |
|---|---|---|
| Single-Family Dwelling | 30 feet x 40 feet | 30 feet x 60 feet |
| Garage | 20 feet x 30 feet under the house | N/A |
| Driveways | Two | One |
| Breezeway[1] | 30 feet x 60 feet | N/A |
| Pole Barn | 30 feet x 40 feet | N/A |

---

[1] The Mitchell application proposed for the breezeway to connect the single-family dwelling to the pole barn.

A-3436-22

| | | |
|---|---|---|
| Front yard set-back from the avenue[2] | 53 feet | 46 feet |
| Fill on to property | 10 feet | 10 feet |
| Septic | Within 10 feet of avenue | Within 10 feet of avenue |
| Clear Cutting | 254 feet with a depth of 150 feet | 154 feet with a depth of 100 feet |
| Building Coverage[3] | 1.4% | .8% |

The Board's resolution concerning Cole's application stated:

> The Board . . . voted to determine if the application was substantially similar to the application of . . . Mitchell and is therefore subject to dismissal on the basis of the doctrine of res judicata. On January 27, 2021[,] the Board considered the application of . . . Mitchell, . . . Cole's contract purchaser for identical relief on the same Property. The Board denied . . . Mitchell's request for a front yard variance . . . . Thereafter, a vote was taken by the . . . Board and by a vote of six . . . in favor of dismissal of the application and zero . . . against and one . . . abstention a determination was made that the application was substantially similar to the application of . . . Mitchell decided on January 27, 2021[,] and therefore should be dismissed on the basis of the doctrine of res judicata.

---

[2] According to Estell Manor's ordinance, "[t]he front yard shall be as close to 200 feet as practicable, taking into consideration the depth of the lot in question."

[3] According to Estell Manor's ordinance, the maximum "permitted building coverage is . . . 10%."

3

Further, the Board resolved:

> 3.) The . . . Board finds as a matter of fact: (A) the application made by . . . [Cole] is substantially similar to the variance application made by . . . Mitchell on the same Property, which the Board denied on January 27, 2021; (B) the same parties or their privies are involved with both the prior . . . Mitchell application, as . . . Cole's contract purchaser, and the current application made by . . . [Cole]; (C) no substantial change was made in the current application and the conditions surrounding the property have remained unchanged; (D) the . . . Mitchell application was adjudicated on its merits; and (E) both the . . . Mitchell application and the [Cole] application involve the same cause of action as the . . . Mitchell application requested a Front Yard Set Back variance allowing construction of the single[-]family residence 53 feet from Maple Avenue and the current application requests a Front Yard Set Back variance allowing construction 46 feet from Maple Avenue.

> 4.) The elimination of the pole barn, breezeway, one driveway and reduced clear cutting are insufficient to change the essential character of the application which requests permission for significant development to take place within 100 feet of Maple Avenue. The current application requests greater relief th[a]n the previously denied . . . Mitchell application. The current application requests a variance allowing a set-back of 46 feet compared to the previous . . . Mitchell request of 53 feet.

Cole filed a complaint in lieu of prerogative writs challenging the Board's decision. Thereafter, Cole moved for summary judgment. The trial court heard the parties' arguments and reserved its decision. On May 26, 2023, the court

4

entered an order, accompanied by an eight-page memorandum of decision, denying the motion for summary judgment and dismissing Cole's complaint.

The court considered Cole's arguments regarding the differences between the applications:

> (1) the eliminated breezeway, pole barn, garage, single driveway, and basement; (2) the 1800 sq. ft. reduction in construction by the elimination of the pole barn and garage; (3) the reduced clear cutting of all trees across the front of the property from 250 feet, with a depth of 100 feet, to 150 feet, with a depth of 100 feet, amounting to a 10,000 sq. ft. reduction in the clear cutting of vegetation; and (4) the movement of the development to the east to avoid stormwater runoff to adjoining properties.

However, the court found the Cole application did not

> appear to mitigate several issues underlying the denial of the Mitchell application. It does not fully diminish the stormwater runoff issues that the Board found with the Mitchell application. Nor does it address the perceived problem of having a septic tank a few feet away from Maple Avenue . . . .
>
> Notably, the Cole application seeks even greater relief from the 200-foot setback requirement, from 53 feet to 46 feet, and still implicates a significant area of clear cutting along Maple Avenue. Although the clear cutting was reduced from 250 feet wide by 100 feet deep to 150 feet wide by 100 feet deep, the court does not find that such reduction is substantially different from that proposed by the Mitchell application, which also included a residence that would be easily visible from Maple Avenue in contrast to "the overwhelming

5

majority" of homes in Estell Manor that "all sit way back."

In sum, the record establishes (1) the Mitchell and Cole applications are substantially similar, (2) the same parties or privies are involved, (3) there are no substantial changes between the applications or the conditions affecting the property, (4) there was prior adjudication on the merits, and (5) both applications seek the same relief.

Therefore, the trial court could not "find that the Cole application is substantially different from the Mitchell application so as to render the Board's invocation of res judicata arbitrary, capricious, or unreasonable."

On appeal, Cole argues: (1) the Board improperly applied res judicata because "her revised application included a 50% reduction in building size, elimination of a second driveway, and other modifications that constitute substantial changes," and (2) "the Pinelands Protection Act [N.J.S.A. 13:18A-1 to -58], which has been implemented through the Pinelands Comprehensive Management Plan . . . has jurisdiction over the property subject to this appeal." Cole acknowledges the jurisdictional "argument was not expressly made below."[4]

---

[4] We "decline to consider questions or issues not properly presented . . . when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great

"Res judicata as a principle of law bars a party from relitigating a second time what was previously fairly litigated and determined finally." Hackensack v. Winner, 162 N.J. Super. 1, 27 (App. Div. 1978). "The application of res judicata is a question of law." Walker v. Choudhary, 425 N.J. Super. 135, 151 (App. Div. 2012) (quoting Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000)). We review "[q]uestions of law . . . de novo." Ibid. (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

For res judicata to apply, there must be "a final judgment by a court or tribunal of competent jurisdiction, identity of issues, parties and cause of action and thing sued for." Winner, 162 N.J. Super. at 27-28. "As a general rule, an adjudicative decision of an administrative agency 'should be accorded the same finality that is accorded the judgment of a court.'" Bressman v. Gash, 131 N.J. 517, 526 (1993) (quoting Restatement (Second) of Judgments § 83 cmt. b (Am. L. Inst 1982)).

---

public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Given our determination to reverse the trial court's order, despite the jurisdictional nature of Cole's argument, we decline to consider it here. Our reversal should not be construed as a determination on the merits of the jurisdictional issue.

A-3436-22

Therefore,

> [i]f an applicant files an application similar or substantially similar to a prior application, the application involves the same parties or parties in privity with them, there are no substantial changes in the current application or conditions affecting the property from the prior application, there was a prior adjudication on the merits of the application, and both applications seek the same relief, the later application may be barred.
>
> [Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 39 (2013).]

It is for a board to make the initial determination regarding "the sufficiency of a change." Bressman, 131 N.J. at 527. The question of whether there is a "sufficient change in the application itself or in the conditions surrounding the property," should be "liberally construed in favor of the applicant." Russell v. Tenafly Bd. of Adjustment, 31 N.J. 58, 66 (1959).

A board's "determination . . . should 'be overturned on review only if it is shown to be unreasonable, arbitrary or capricious.'" Bressman, 131 N.J. at 527 (quoting Russell, 31 N.J. at 67). "[T]he question is not whether a reviewing court would have reached a different conclusion if it had decided the matter." Ibid. (quoting Kaufmann v. Planning Bd. for Warren Twp., 110 N.J. 551, 558 (1988)). Nor do we "substitute [our] own judgment for that of the" board. Advance at Branchburg II, LLC v. Branchburg Twp. Bd. of Adjustment, 433

8

N.J. Super. 247, 253 (App. Div. 2013) (alteration in original) (quoting Kenwood

Assocs. v. Bd. of Adjustment, 141 N.J. Super. 1, 4 (1976)).

In Russell, the New Jersey Supreme Court found "the board did not abuse

its discretion in considering the second application on its merits" when the

second application "provide[d] for an increase of five feet in the proposed

setback which . . . amount[ed] to a 20% increase. Also[,] the total area to be

occupied by the dwelling ha[d] been decreased from 18% to 12%." 31 N.J. at

67.

In Tzeses v. Board of Trustees, we stated:

> [A] second application . . . requested a variance
> permitting the construction of two houses, whereas the
> earlier application involved three houses and an
> entirely different arrangement of the property. The
> variance granted was not the same kind of a variance
> for which an application was made several months
> earlier, and it was therefore not barred by the denial of
> the earlier application.
>
> [22 N.J. Super. 45, 55 (App. Div. 1952).]

We conclude the Board erred in applying the res judicata doctrine to deny

Cole's application. We reach this determination, not by merely reaching a

different conclusion or substituting our judgment for the Board's, but instead

based on the Board's failure to view Cole's application liberally. Viewed from

a more liberal perspective, Cole's application substantially differs from

Mitchell's by eliminating: (1) a driveway; (2) the breezeway; (3) and the pole barn. In addition, Cole's application substantially reduced the clear cutting. Therefore, the trial court erred in dismissing Cole's complaint.

We do not offer any opinion on the ultimate merits of Cole's application.[5] Rather, we only decide it should not have been barred from the Board's consideration.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[5] The trial court concluded "[e]ven if the doctrine of res judicata did not apply, the record contains sufficient evidence to support the Board's denial of the Cole application." However, the Board did not consider the evidence and deny Cole's application on the merits. Therefore, it was inappropriate for the court to consider the evidence and reach an alternative basis to deny Cole's application.

A-3436-22